JOHN F. MERRIAM et al., Respondents, v. THE CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 25, 1908.

1. **CITIES OF SECOND CLASS: Council: President: Voting.** In cities of second class the council consists of one member from each ward and a president elected in the same manner as the councilman, whose duty it is to preside over the meetings, but cannot vote except in cases of a tie.

2. ———: ———: ———: ———: **Majority Vote.** Where an ordinance was passed by a bare majority including the president's vote, its passage was void, since the president had no right to vote.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

AFFIRMED.

STATEMENT.—"This is a suit in equity to enjoin the defendant from laying a spur track in an unpaved alley twenty feet wide, running north and south through blocks 42 and 43 in Patee's addition to the city of St. Joseph. The relief is asked upon the grounds:

"*First.* That the city ordinance under which the defendant claims the right to lay the track was not passed in the common council by the requisite number of votes, and is therefore void; and,

"*Second.* That on account of the narrowness of the alley and the fact that it is already occupied by a line of poles along each side, carrying electric wires, the proposed track will amount to a virtual appropriation of it to the exclusive use of the defendant."

The ordinance omitting the title and ordaining clause, about which no question is made is as follows:

"Section 1. The right is hereby granted the Chicago, Rock Island & Pacific Railway Company, its successors or assigns, to construct, maintain and operate a spur or side track with the necessary turnouts and sidings from à point on its main line track in Eighth street, about sixty feet south of the south line of Renick street, thence in a northeasterly direction across Renick street, to a point in the alley between Eighth and Ninth streets about one hundred and twenty feet north of the north line of Renick street, thence north along and upon said alley to the south line of Olive street and across Mitchell avenue, Penn street, Seneca street and Lafayette street, on the line of said alley; provided that said railway company shall so construct, maintain and operate its track as to interfere as little as possible with ordinary travel and leave sufficient space for the safe and convenient passage of teams and persons.

"Section 2. The said Chicago, Rock Island & Pacific Railway Company, its successors or assigns, shall maintain its tracks at the grade or grades now or hereafter established by said city, and shall comply with

all the laws of the State of Missouri or ordinances of the city with relation to planking.

"Section 3. The said Chicago, Rock Island & Pacific Railway Company, its successors or assigns, shall when so directed by the city of St. Joseph, at any time after said track shall be laid, pave with vitrified brick all of said alley between said points, and also those portions of the said streets between the said rails and said track and for eighteen inches on each side thereof.

"Section 4. This ordinance shall take effect and be in. full force from and after its passage according to law."

The court found that the ordinance had not been legally passed and was void; and that it contained no regulation at all of the use the defendant might make of its track and thereby left to the defendant to determine for itself what use it would so make of it. Section 2, of the Laws of 1903, p. 69, creating the present common council of the city of St. Joseph, provides that, "the legislative power of all cities of the second class shall be vested in a municipal assembly to be known as the common council of the city of ———————, which shall consist of as many members as there are wards in the city, one to be elected from each ward by the qualified voters of the city at large for a term of four years, and until their successors are elected and qualified, and a president who shall also be elected in the same manner and for the same term of office."

Section 3, of the act, provides:

"The president so to be elected shall preside over all meetings of the common council, but shall not vote, except in cases of a tie, in which case he shall cast the deciding vote."

Section 5, provides that "no bill shall become an ordinance unless on its final passage a majority of all the members vote in its favor and the vote shall be taken by yeas and nays, and the names of the members voting

for and against the same shall be entered on the journal, and no bill not passed in conformity with the foregoing requirements shall be valid, but shall be absolutely void and of no legal effect whatever."

*Brown & Dolman* for appellant.

(1)   The ordinance was passed in strict conformity to the statute and is a valid ordinance.   (2)   The president is therefore expressly constituted a member of the council, although with limited powers, as the following sections of the act demonstrate.   State ex rel. v. Yates, 37 L. R. A. 205; Dreifus v. Lonergan, 73 Mo. App. 343; State v. Meier, 143 Mo. 439, 444; In re Brearton, 89 N. Y. Sup. 893; People v. Harshaw, 60 Mich. 200; Sedgwick, Stat. and Const. Law, 533; Cotton Mills v. Commissioners, 13 S. E. 273; Black on Interpretation of Laws, 183; Zeiler v. Railway, 84 Md. 304; Potter v. Safford, 50 Mich. 46; North Platte v. Water Co., 56 Neb. 403; Sutherland on Statutory Construction, sec. 256; quoting Hadley v. Perks, L. R. 1 Q. B. 457; In re Brearton, 89 N. Y. Sup. 893; United States v. Balin, 144 U. S. 9; Atty. Gen. v. Shepard, 62 N. H. 384; 23 Am. and Eng. Ency. Law, 592.

*Kendall B. Randolph* for respondents.

(1)   In McQuillin, Municipal Ordinances, page 169, we find the following language: "But where the act must be done by a distinct proportion" of all the members elected or "of all the members of the council" it is manifest that the law should be construed by counting the whole membership of the body in question. Where vacancies occur the whole number entitled to membership must be counted, and not merely the remaining members.   Citing a large number of cases in support of both propositions, as follows:   Atkins v. Phillips, 26 Fla. 298; State ex rel. v. Gray, 23 Neb. 369; Attorney-General v. Shepard, 63 N. H. 383; State v.

Bayonne, 54 N. J. L. 125; Mueller v. Egg Harbor City, 55 N. J. L. 245; State ex rel. v. Jersey City, 53 N. J. L. 112; State ex rel. v. Paterson, 35 N. J. L. 190; Davis v. Davis, 40 W. Va. 464; Pimental v. San Francisco, 21 Cal. 361. (2) The president of the council, under the act cited, cannot be counted as one of the members of the council. Mills v. Gleason, 11 Wis. 514.

BROADDUS, P. J. (after stating the facts).—It is the contention of the defendant that by the language of the act the president of the common council is expressly constituted a member, with limited powers. A reading of section 3, define his powers and duties, in so far as he may act in a legislative capacity. He can only vote at a meeting of the council in cases where a tie in the vote of the members occurs. But we do not think that alone would constitute him a member of the council. So far as legislation was concerned the president was merely the presiding officer of the council. If he was not a member it is conceded that the ordinance was not legally enacted.

As to the question whether the president was a member of the council we call attention to a certain decision which we think is conclusive. In Mills v. Gleason, 11 Wis. 493, the tax was objected to because it was not levied by a two-thirds vote as required by the charter. It was levied by a two-thirds vote of the aldermen but not of the council including the mayor. The charter provided that the common council shall consist of the mayor and aldermen, etc. It provided that a vote to levy a tax shall be passed by two-thirds of the "members elect," and it was therefore claimed that the mayor should be counted in making up the members, of which two-thirds is requisite. The court held that the provision related to the aldermen only; and that "They are elected as members of the council, and as nothing else; they act and vote on all questions,

while the mayor, although he is made by the charter one of the constituent parts of the council, yet he is so in the same sense that the Vice-President is a part of the United States Senate, or the Lieutenant Governor a part of the Senate of the State. We think he was not intended to be counted, in the provision of a two-thirds vote." We believe the decision contains the law of the case and we cannot conceive how it could be otherwise under the statute.

Therefore it did not matter whether the absent member was counted or not there was not a majority of the members present voting for the ordinance as there was only four members voting in its favor not counting the president. The determination of the point leaves the defendant without any case on his appeal, and it is therefore useless to examine into the other question presented for our consideration.    Affirmed.    All concur.