**B. G. BROWN, Jr., et al., Plaintiffs in Error,**

v.

**CITY OF DURANT, a municipal corporation, et al., Defendants in Error.**

No. 37066.

Supreme Court of Oklahoma.

May 8, 1956.

Paul & Montgomery, Durant, for plaintiffs in error.

John Allen Phillips, II, Durant, for defendants in error.

HUNT, Justice.

B. G. Brown, Jr. and other property owners in the City of Durant instituted this action in the District Court of Bryan

County against the City of Durant, a municipal corporation, the Mayor and City Council of Durant, Ira Dollar and Janie M. Dollar, to declare void an ordinance of the City which amended a prior zoning ordinance and to restrain and enjoin any action under the amended ordinance. Judgment was for the defendants, and the plaintiffs appeal. The parties will be referred to as they appeared in the District Court.

In 1940 the City of Durant enacted a general zoning ordinance, in which two town lots, or parts of lots, now owned by the defendants Dollar were placed in a residential district or zone, and was restricted to residential use. In 1955 the defendants Dollar sought, but failed, to obtain written consent of sufficient property owners, sixty-six and two-thirds percent, on their petition to change or reclassify their property from a residential to a business district. Thereafter the City Council referred the matter to the Board of Adjustment, who recommended that a public hearing be had thereon, and the Council gave notice by publication of a public hearing at a regular meeting of the Council on the question of reclassifying the property involved.

"At or prior to the date of the hearing on May 2, 1955, a protest was filed with the Council against the proposed change signed by the owners of twenty percent, or more, of the area of the lots immediately abutting either side of the territory included in such proposed change. After the public hearing on the matter the City Council voted on the enactment of Ordinance No. 722, the principal purpose of which was to amend the existing zoning ordinance so as to change the property of the defendants Dollar from a residential to a business district and reclassify it as business property. Six members of the Council voted for the proposed ordinance, one voted against it and one passed, whereupon, the Mayor declared the ordinance duly passed and adopted.

Counsel for the plaintiffs in error confine their discussion and argument to the question of whether or not the ordinance was passed by the majority required by statute. They first cite Title 11 O.S.1951 § 405, which relates to the amendment, change,

modification or repeal of zoning regulations, restrictions and boundaries, and provides in part as follows:

"In case, however, of a protest against such change, signed by the owners of twenty percent or more either of the area of the lots included in such proposed change, or by the owners of twenty percent or more of the area of the lots immediately abutting either side of the territory included in such proposed change, or separated therefrom only by an alley or street, such amendment shall not become effective except by the favorable vote of three-fourths of all the members of the legislative body of such municipality."

They also quote from certain provision of the City Zoning Ordinance, which provides the procedure under which a property owner may file application for a change in the classification of his property, also provides that the City Council, on its own motion or at the suggestion of the Board of Adjustment, after a public hearing, may amend or change the boundaries and classification in a zoning ordinance. However, no objection is made or error claimed in the procedure followed in the enactment of the ordinance in question except it is argued that the requisite three-fourths of all the members of the legislative body of the municipality did not vote for its passage, it being contended by plaintiffs that the legislative body of the municipality was composed of eight councilmen and the mayor, and that it required an affirmative vote of seven members of the Council to enact the amending ordinance. The defendants present an opposite view and contend that the mayor is not a member of the legislative body and that the six votes cast for the enactment of the ordinance was sufficient.

Our attention is directed to the holding of this court in the case of Russell v. Murphy, 177 Okl. 255, 58 P.2d 560, which involved the enactment of an ordinance similar in character to the one here involved, which required for its passage an affirmative vote of three-fourths of all the members of the legislative body, which case

holds that the mayor of the City of Oklahoma City was a member of the legislative body of such city, because the city charter specifically provided that the legislative branch of the city government should consist of a City Council composed of two councilmen from each ward and the mayor. The opinion in that case states in part that whether the mayor shall be regarded as a member of the legislative body depends upon the terms of the charter or the law under which the municipality is organized.

The record presented in the present appeal contains no evidence showing or indicating that the defendant, The City of Durant, was not operating under the statutory form of government and the briefs indicate that it was operating under the statutes. Therefore, the decision in Russell v. Murphy, supra, is not controlling here, and we are required to look to the statutory law relating to cities and their officers, Title 11 O.S.1951 for aid in determining the question here involved. Title 11 O.S.1951 § 621 provides that the mayor shall preside at all meetings of the city council and shall have a casting vote when the council is equally divided. Sec. 580, supra, provides that when all councilmen are present and voting and there shall be a tie the mayor shall have the power to give the casting vote on the passage of any ordinance. Sec. 624, supra, empowers the mayor to veto an ordinance. Other sections of statute relate to the duties and powers of the mayor, but we do not find any which states that the mayor is a member of the council, which is the legislative body of the municipality. Sec. 23d of Title 11, O.S.1951 relates to the election of city officers and is in part as follows:

"It is the intention of this Act to provide that the council in cities not operating under a charter form of government shall be composed of two councilmen from each ward; one councilman to be elected in the odd numbered years, one councilman to be elected in the even numbered years; * * *."

It will be observed that the above quoted section of statute does not mention the mayor or include him as a member of the council.

Vol. 37 Amer.Jur., Sec. 58, p. 671 states:

"When the statutes provide that the mayor shall preside at meetings of the municipal council he is a constituent part of the council for certain purposes, and he sits and acts therein, but he is not in any proper sense a member of the council unless the statute expressly so provide."

Merriam v. Chicago, R. I. & P. Ry. Co., 132 Mo.App. 247, 111 S.W. 876, holds that under the laws of Missouri the legislative powers of cities of the second class shall be vested in a council, consisting of as many members as there are wards in the city and a president who shall preside over all meetings of the council, but shall not vote except in case of a tie, and further holds that the president was not a member of the council, and that his vote could not be counted in determining whether or not there was a majority vote.

■ Under the language and provisions of our statutes and the rule of construction announced in the authorities cited, we conclude and hold that the mayor of a city within this State such as the defendant, The City of Durant, which operates under a statutory form of government and not under a charter, is not a member of the legislative body of the municipality and should not be counted as such in determining the number of votes required to adopt an ordinance under a statute requiring an affirmative vote of three-fourths of all the members of the legislative body.

■ In the present action six members of the City Council, the legislative body, voted for the enactment of the ordinance in question and the same was adopted by the necessary three-fourths vote of all the members of the legislative body.

From an examination of the record we find and conclude that the judgment of the District Court is supported by the facts and the law and should be and is hereby affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J. and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.