# Richmond

## SMILEY v. COMMONWEALTH.

### November 12, 1914.

#### Absent, Keith P.

1.  HIGHWAYS—*Superintendent of Roads—Election—Majority—"Tie-Breaker."*—Under the statute authorizing the appointment of a county superintendent of roads by a vote of a majority of all the supervisors of the county, the candidate must receive a majority of all the supervisors elected to that office in the county, and not merely a majority of a quorum of the board. Section 832 of the Code providing for a "tie-breaker" when the board is evenly divided has no application to the election of a superintendent of roads who only receives the vote of one-half of the members elected to such board. The statute providing for the appointment of such superintendent, upon its face, negatives the idea of a tie vote by providing that the candidate shall receive a majority of the entire body vested with the power to make the appointment. The "tie-breaker' is not a member of the board.

Error to a judgment of the Circuit Court of Augusta county in proceeding in the nature of a writ of *quo warranto.* Judgment for the relator. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*J. M. Perry,* for the plaintiff in error.

*Timberlake & Nelson* and *Jos. A. Glasgow,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

This is a proceeding in the nature of a writ of *quo*

*warranto,* filed in the Circuit Court of Augusta county, to have ascertained and determined by what warrant William V. Smiley assumed and held the office of superintendent of roads for the county of Augusta. A demurrer and answer to the petition of the relator was filed by the defendant, Smiley, and after a hearing of the cause upon the pleadings, there being no dispute as to the facts, the circuit court entered the judgment to which this writ of error was awarded, ruling that the defendant, Smiley, is not entitled to the office of superintendent of roads of Augusta, and is not the true and lawful incumbent of the office, not having been duly elected thereto as provided by law.

The office of superintendent of roads was created by an act of the General Assembly in each county of the State (Acts, 1908, p. 404), except where commissioners of roads were provided for by some special road law, the act providing that, "There shall be appointed biennially during the month of January, by the board of supervisors by the vote of a majority of all the supervisors of the county, a superintendent of roads, if in the opinion of the said board such superintendent is necessary . ." This act was subsequently amended by an act of the General Assembly approved February 9, 1910 (Acts 1910, p. 11,), and became applicable to Augusta county by an act approved March 14, 1914, passed as an emergency act and, therefore, effective from the date of its passage.

The board of supervisors of Augusta county is composed of six members, one from each magisterial district in the county, and on April 23, 1914, there was a meeting of the board to elect a superintendent of roads for the county, all of the members of the board being present. Plaintiff in error, William V. Smiley, and A. Crawford Gilkerson were each nominated for the office,

and upon a recorded vote being taken each candidate received three votes. Thereupon the chairman of the board decided that a candidate to be appointed to the office did not have to receive "the vote of a majority of all the supervisors of the county," but that a tie had been created, and sent for Mr. A. C. Gordon, who had been designated as "tie-breaker" pursuant to section 832 of the Code, to determine the tie. Mr. Gordon appeared and cast his vote for Smiley, and he was declared by the chairman of the board duly elected to said office.

Section 832 of the Code, concerning meetings of boards of supervisors, so far as material here is as follows: "All questions submitted to the board for decision under the proceedings of this chapter, or any law of the State, shall be determined by a *viva voce* vote of a majority of the supervisors present; but in any case in which there shall be a tie vote of the board upon any question when all the members are not present, the question shall be passed by till the first meeting at which all the members are present, when it shall be again voted upon; in any case in which there shall be a tie vote on any question, all the members of the board being present, the person to be designated as hereinafter provided, shall give the casting vote and thereby decide the question. The circuit court of each county, or judge thereof in vacation, shall, as soon as may be, after the passage of this act, by order entered in the common law order book of the court, designate one of the commissioners in chancery of such court, whose duty shall be to cast the deciding vote in case of tie, as hereinbefore set forth."

The question presented turns upon whether or not the statute just quoted applies where the statute, under which the board of supervisors of Augusta county are authorized to appoint a county superintendent of roads for the county, provides that the appointment shall be made by "the vote of a majority of all the supervisors of

the county," and the candidate, as in this case, has received the vote of only three of the supervisors of the county. In other words, must a candidate for the office, in order to be legally appointed thereto, receive the affirmative vote of a majority of all of the supervisors, or is it only necessary to his appointment that all of the supervisors should vote at the election, and that he should receive three out of the vote of six, plus the vote of the "tie-breaker" or referee designated under the provisions of section 832 of the Code, *supra?*

It would be, as it seems to us, a strained and unwarranted construction of the statute to hold, as plaintiff in error contends, that it is not necessary that a candidate for the office of superintendent of roads in Augusta county should receive a majority vote of all the supervisors, but only that a majority of all the supervisors should vote at the election under which he claims title to the office, and he receive a majority of the votes cast including that of the "tie-breaker." The statute, as we have observed, provides that the appointment of "a county superintendnt of roads" shall be "by a vote of a majority of all the supervisors of the county," and the import of this plain and simple language is, as held by the circuit court, that the office in Augusta county could only be filled by the affirmative vote of a majority of all the supervisors—that is, by affirmative votes cast by at least four of the six supervisors of the county. When the statute says all the supervisors of the county, it is plainly meant all the supervisors elected to that office in the county, a majority of all of the board organized for the transaction of the business matters of the county committed by law to their charge, and not merely a majority of a quorum of the board. We have not been cited to, or been able to find, any authority which puts any other construction upon the language of the statute.

Dillon on Mun. Corp. (5th ed.), sec. 530, under the

head-lines *"Charter Provisions Requiring Majority of Whole Body,"* says: "When the charter requires the vote of a majority or prescribed proportions of 'all the members elected' to the council, for the purposes of passing a resolution or ordinance, or uses other language evincing an intention to depart from the rule of the common law that a majority of a quorum present is sufficient, a majority of the members present which is less than a majority of the whole body, is not sufficient, and a majority of the entire board or council must concur in voting upon the proposition before it. In a number of cases this language has been given a more extended effect, and it has been held that the necessary vote is that of a majority of all the members required by law to be elected, and that, although there may be vacancies in the council resulting from death or resignation, the vacant memberships must be included in determining the number of 'members elected,' and the ordinance or resolution must receive the vote of a majority of the members of the council, computing that majority in the same way as if the vacancies did not exist." See also Cooley's Const. Lim. (7th ed.), p. 201 and note 2.

In *Wood* v. *Gordon, Mayor,* 58 W. Va. 321, 52 S. E. 261, the Supreme Court of West Virginia, in construing language used in the charter of the city of Huntington practically the same as that used in the statute here under consideration, held that in an election by the council to fill a vacancy in the office of mayor, councilman, treasurer, city clerk, or city assessor, the candidate to be elected must receive the votes of a majority of all the members elected to the council.

The Supreme Court of Michigan, in *Peck* v. *Berrien County,* 102 Mich. 346, 60 N. W. 985, construing the language of a statute providing that, "whenever a county seat is proposed to be removed, the board of supervisors of such county shall have power, by a vote of two-thirds

of all the members elect, to designate the place," etc., held, that as there were twenty-six members of the board of supervisors of the county from which the case came, two-thirds of the twenty-six members of the board had to vote for the proposition. See also the following cases in which the same rule of construction is maintained; *Pollasky* v. *Schmid,* 128 Mich. 299, 87 N. W. 1030; *State* v. *Alexander,* 107 Iowa 177, 77 N. W. 841; *Board of Com'rs.* v. *Loan Co.* 143 N. C. 110, 55 S. E. 442; *Stanton* v. *Mayor of Hoboken,* 52 N. J. Law 88, 18 Atl. 685; *Pimontal* v. *San Francisco,* 21 Cal. 351.

In the last-named case Mr. Justice Field, speaking for the court, said: "At the time this ordinance was acted upon by the board of assistant aldermen, there was a vacancy in the board, occasioned by the resignation of one of its members, so that of the eight members elected only seven remained in office. Of this number four members voted for the passage of the ordinance and three against it. As a consequence the ordinance was not passed, not having received the necessary vote required by the charter then in force. The charter vested the legislative power in a common council, consisting of a board of aldermen and a board of assistant aldermen, each board to be composed of eight members; and fixed the limits of their authority. It declared that no ordinance should be passed 'unless by a majority of all the members elected to each board.' The ordinance in question, therefore, not having received the vote of a majority of all the members elected was never passed. It was, in fact, rejected, as much so as if every member had cast his vote against its passage. It was, therefore, for all purposes, an absolute nullity."

Section 832 of the Code, *supra,* can have no application in a case such as this, where the statute upon its face negatives the idea of a tie vote by providing that the candidate for the office to be filled must be appointed by

the vote of a majority of the entire body vested with the legislative power to make the appointment, hence in no reasonable construction that could be given the statute that authorizes the board of supervisors of Augusta county to appoint a superintendent of roads in the county "by the vote of a majority of all the supervisors of the county," could there be a tie vote within the purview of section 832 of the Code. Mr. Gordon, the "tie-breaker" designated by the circuit court pursuant to that section of the Code, was not by his designation as such made a member of the board of supervisors, and his vote for a candidate for the office to be filled by appointment could not make the vote of the three members of the board, out of a total vote of six, "a majority of all the supervisors of the county."

In *Mirriam* v. *Chicago Ry.*, 132 Mo. App. 247, 111 S. W. 876, the president of the council, as tie-breaker, was held not to be a member of the council, and that his vote could not be counted in determining whether or not there was a majority vote. See also *State* v. *Edwards,* 114 Ind. 581, 16 N. E. 627.

As we view the statute we are considering, it in ex- press language requires the affirmative vote of a pre- scribed proportion of the members of the board of supervisors of Augusta county to appoint a superintend- ent of roads for that county, and that where there is an equal division of the vote between two candidates for the office, as in this case, the provisions of section 832 of the Code can have no application, it not being a case in which the "tie-breaker" or referee, authorized to be designated by that statute, could act, but a case in which a majority of the entire board must, by an affirmative vote, concur to elect.

For the foregoing reasons the judgment of the circuit court complained of is right and is affirmed.

*Affirmed.*