## WATTS et al. v. CITY OF DONNA.
### No. 8671.

Court of Civil Appeals of Texas. San Antonio. Nov. 11, 1931.

C. K. Richards and Davenport, West & Ransome, all of Brownsville, for appellants.

Walter G. Weaver, of Donna, for appellee.

FLY, C. J.

This is a suit for taxes instituted by appellee against Dorothy Watts and her husband, E. W. Watts. The cause was called for trial in February, 1931, and appellee having announced ready for trial an application for continuance was filed by appellants. The grounds for the continuance were that appellants' attorneys Davenport, West & Ransom, a firm of attorneys at Brownsville, Texas, were unable to be present at that time. It was alleged that Davenport was sick and could not be present at the trial, and that West, whom appellants expected to defend, was a member of the Legislature and was on duty in attendance on that body, and could not be present. A local attorney, C. K. Richards, presented the motion for a continuance. The application was overruled and the case was tried, although appellants took no part therein, and judgment was rendered against them for $1814.41.

The taxes were alleged to be due on six separate blocks, containing in the aggregate eighteen lots. The lots were not lying contiguous to each other, nor indeed do the blocks lie contiguous to each other. The lots were assessed in groups and not singly, and the petition sought to foreclose a lien on eleven lots, but judgment was rendered against sixteen lots.

■ We are of opinion that the application for continuance should have been granted. The application was based on the absence of leading counsel, such absence being caused by sickness of one and attendance on the Legislature of another. However, if the motion for continuance had not been overruled, the judgment being in solido for taxes on a number of lots in the city of Donna, not even lying contiguous to each other, was null and void. Even though the lots had been assessed in bulk and levied in bulk, the judgment rendered for the taxes would have been null and void. This is so well settled by Constitution, statutes, and decisions as not to be open to discussion. Richey v. Moor, 112 Tex. 493, 249 S. W. 172; State Mortgage Corporation v. Ludwig (Tex. Civ. App.) 35 S.W.(2d) 267, and authorities therein cited.

The judgment is reversed, and the cause remanded.