# Richmond

CHARLES A. HAMMER, JR. v. COMMONWEALTH OF VIRGINIA,
EX REL. LAWRENCE H. HOOVER.

November 11, 1937.

Present, All the Justices.

The opinion states the case.

*Glenn W. Ruebush,* for the plaintiff in error.

*Laird L. Conrad,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

Charles A. Hammer, Jr., obtained this writ of error to a judgment of the trial court, entered in a proceeding upon an information in the nature of a writ of *quo warranto,* declaring that he had no title to the office of city justice of peace for the city of Harrisonburg.

In February, 1937, Lawrence H. Hoover, for and in the name of the State of Virginia, sought and obtained leave of the trial court to file his petition and an information in the nature of a writ of *quo warranto* against Charles A. Hammer, Jr. The material facts alleged in the petition and information may be stated as follows: Lawrence H. Hoover in June, 1936, was duly and legally elected to the office of city justice of peace for the city of Harrisonburg, to fill an unexpired term ending December 31, 1936. Pursuant to this election he duly qualified and entered upon the discharge of his duties. He was entitled to and did receive the emoluments and privileges of the office until the end of his

term, or until his successor had been duly elected and qualified in the manner prescribed by law. The council of the city of Harrisonburg is composed of nine members. At the regular monthly meeting of the city council, held on November 6, 1936, consideration was given to the election or appointment of a city justice under the provisions of section 34 of the charter for the city, as amended by an act of the General Assembly approved March 25, 1932 (Acts 1932, ch. 322, p. 591). This act provides: "The council may also appoint, by a majority of all the members thereof, by a recorded yea and nay vote, a city justice of the peace, who shall hold office for a term of four years, and his term of office shall begin on the first day of January, succeeding his election by the council." At this meeting of the city council, Charles A. Hammer, Jr., plaintiff in error, and Lawrence H. Hoover, the relator, were nominated for the office of city justice for the term beginning January 1, 1937. The council proceeded with a recorded yea and nay vote, the result of which was that each nominee received four votes, as only eight of the nine members of the council were present. Thereupon the mayor of the city, on the assumption that under the charter provision (quoted above) for an appointment to this office, a tie vote could and did occur, and that the mayor by virtue of his office was entitled to vote on the appointment to break the tie, cast his vote in favor of Charles A. Hammer, Jr., and declared the said Hammer to be appointed to the said office for a four year term beginning January 1, 1937.

The petition, and information filed therewith, further alleged that the provision of the Code, section 2703, required that every city and town officer (with certain exceptions not pertinent to this case), at the time of his election or appointment, shall have resided for one year next preceding his election or appointment in such city or town, and that Charles A. Hammer, Jr., on November 6, 1936, had not resided in the city of Harrisonburg for one year preceding the date of his appointment, and therefore did not at that time possess this required qualification for the office.

The trial court held that the attempted election of Charles A. Hammer, Jr., to this office, under section 34 of the city charter, was null and void; that it was not necessary for it to pass upon the right of the mayor of the city of Harrisonburg, generally, or in the election or appointment of some other officer, to cast the deciding vote in the event of a tie in the election, nor was it necessary to pass upon the question of whether Charles A. Hammer, Jr., had been a resident of the city for one year preceding November 6, 1936.

The petition upon which this writ of error was awarded contains thirty-one assignments of error. A discussion of each assignment separately would unduly prolong this opinion and serve no useful purpose. As we view the case, three main questions are presented, viz:

(1) Has Lawrence H. Hoover such an interest in the outcome of the litigation as entitles him to institute the proceeding in the name of the Commonwealth without alleging and proving that he had applied to the Attorney General or the Commonwealth's attorney to institute a *quo warranto* proceeding, and that both of these officers had failed or refused to comply with his request?

(2) Did the recorded yea and nay vote of the council and mayor for the city of Harrisonburg at the meeting held on November 6, 1936, constitute a legal appointment or election of Charles A. Hammer, Jr., to the office of city justice?

(3) On the issues presented, was either party entitled to a trial by jury?

The right of Lawrence H. Hoover to institute the proceeding in the name of the State of Virginia is attacked on two grounds: (a) that the pleadings and proof failed to show, as a condition precedent to the presentation of the petition and the filing of the information, that the Attorney General or the Commonwealth's attorney had failed or refused to apply for the writ on application of the relator; (b) that Hoover, as relator, was not a proper person to prosecute this proceeding, because he was not a person having sufficient personal or public interest therein.

Prior to the adoption of the Code of 1887, Virginia had no statute regulating the practice in a proceeding by information in the nature of a *quo warranto*. The provisions of that Code (section 3022 et seq.), with some amendments, are now found in chapter 240 of the Code of 1919 (section 5841 et seq.). Two sections, 5842 and 5844, regulate the practice in applying for the writ. The provisions of section 5842 are substantially the same as the practice developed under common-law rules. Under this section it is incumbent upon any person whose individual or public interest is affected, first to request the Attorney General or Commonwealth's attorney to apply for the writ, as it is only upon the refusal of one or both of these officers that such an interested person is authorized to institute the proceeding. Hoover, the relator, did not proceed under this section, but under the section 5844, the pertinent provisions of which are: "In any case in which a writ of *quo warranto* would lie, unless otherwise provided, the Attorney General or attorney for the Commonwealth of the county or city, the circuit or corporation court whereof has jurisdiction of the proceeding, at his own instance, or at the relation of any person interested, *or any person interested may,* in the name of the State of Virginia, apply to the said circuit or corporation court, or to the judge thereof in vacation, for leave to file an information in the nature of a writ of *quo warranto,* * * * . But if the leave to file the information be asked * * *, by any person at *his own instance,* the summons thereon shall not be issued by the clerk until such relator or person shall have given bond with surety * * *." (Italics supplied.)

█ Plaintiff in error, in his reply brief states, "We respectfully submit that the following words should be interpolated in section 5844 between the word 'or' and the word 'any,' 'if either refuse or fail to do so.' " This statement is an admission that the statute as it now reads does not require "any person interested" to request the Attorney General or the Commonwealth's attorney to apply for the writ as a condition precedent for such a person to present

his petition asking leave of the court to file a petition and an information in the nature of a writ of *quo warranto*. As this section names the parties who may institute the proceeding, citation from other States under different statutes are of no value in determining procedure in a *quo warranto* proceeding in this jurisdiction.

■■ The statute contemplates that the court should be satisfied that the person seeking its permission to file the information is "a person interested" before such permission is granted. Hoover did this, by alleging that he had been legally elected to the office of city justice for the city of Harrisonburg, and that he had duly qualified, performed the duties and received the emoluments of office, and was entitled to continue in office until his successor had been legally elected to succeed him in the office of city justice, but that under a color of a void election, the defendant named in the information had unlawfully ousted him from office. If Hoover has shown himself to be a *bona fide* claimant to the office and has made out a *prima facie* case, it would seem that he has brought himself within the definition of "a person interested."

In *Commonwealth* v. *Rouse*, 163 Va. 841, 847, 178 S. E. 37, 40, it appeared that one J. E. Kelly instituted proceedings to try title to the office of Commonwealth's attorney for the city of Bristol. The only interest that he had in the case was that he was a citizen and taxpayer. Mr. Justice Chinn, speaking for the court, said: "It also appears, so far as the record discloses, that there is no one claiming the office as Commonwealth's attorney for the city of Bristol in opposition to the respondent, and that the relator has only a remote or slight interest in the question presented for determination. Under these circumstances we do not feel that any practical benefit would result to the relator or to the general public to award the writ, and such being the case we are of the opinion that in exercise of the judicial discretion with which this court is vested, the writ should be denied, and the judgment of the lower court affirmed."

In *Watkins* v. *Venable,* 99 Va. 440, 445, 39 S. E. 147, 149, this was said: "No stronger case could be presented for review by an appellate court than the refusal of a trial court to permit a citizen claiming title to a valuable office to test his title to it in the manner specially provided by law for that purpose. * * *

"We are of the opinion that the petition presented to the circuit judge made a clear *prima facie* case for the writ, and that it should have been awarded."

While, in the last-cited case, the proceeding was instituted by the Commonwealth's attorney for Prince Edward county, at the relation of a claimant to the office of clerk of the circuit court, the language of this court clearly shows that it thought that a *bona fide* claimant to a public office who had alleged facts which made a *prima facie* case came within the provisions of the statute. Any other construction of the words, "or any person interested, may in the name of the State of Virginia apply," etc., would require the court, as suggested by counsel for plaintiff in error, to interpolate words in the statute which the legislature did not use.

Plaintiff in error contends that the mayor had a right to break the tie in the attempted election held on November 6, 1936, and that his action in so doing constituted a legal election to the office in question. In support of this contention he cites section 4 of the town charter as adopted in 1849. This section provides, in express terms, that the mayor may vote when the council is equally divided on questions before it. It is argued that while this provision of the charter is not found in the subsequent Acts of the General Assembly repealing and re-enacting sections of the charter, the provision has never been expressly repealed and hence is in full force and effect. Numerous other authorities are cited to sustain the contention that the mayor generally has a right to vote in case of a tie.

As we view the case, the authorities cited are not relevant, because the legislature has in express terms set forth the method of election and the number of votes required to

appoint or elect any person to fill the office of city justice. The provision as quoted provides that the method shall be by "recorded yea and nay vote," of "a majority of all members thereof." Other provisions of the statute fix the number of councilmen for the city of Harrisonburg at nine.

A similar question was before this court in *Smiley* v. *Commonwealth,* 116 Va. 979, 83 S. E. 406. The Act of 1908 (Acts 1908, ch. 280, p. 411), there under consideration provided that, "There shall be appointed biennially during the month of January, by the board of supervisors by the vote of a majority of all the supervisors of the county, a superintendent of roads, if in the opinion of said board such superintendent is necessary * * *." Six members composed the board of supervisors of Augusta county. At a meeting of this board, two candidates were nominated for the office of superintendent of roads for Augusta county. Each received three votes. Thereupon, under the provisions of section 832 of Pollard's Code, the "tie-breaker" for Augusta county was called into the meeting and cast his vote for Smiley, one of the candidates. The board declared him duly elected superintendent of roads. A proceeding upon an information in the nature of a writ of *quo warranto* was instituted to test Smiley's title to the office. This court held that the "tie-breaker" was not a member of the board of supervisors, and that the "vote of a majority of all the supervisors of the county" meant a majority of those duly elected to the office, and that in that particular county it meant a majority of six votes.

The language now under consideration is "a majority of all the members" of the council of the city of Harrisonburg. There are nine members of the council, hence there can never be a tie vote in the election or appointment to fill the office of a city justice. There is no ambiguity in the provision. There is no reason to give the words contained therein other than their usual and plain meaning. Mr. Justice Holt, speaking for the court in *Norfolk Motor Exchange, Inc.* v. *Grubb,* 152 Va. 471, 478, 147 S. E. 214, 216, 63 A. L. R. 310, said: " 'The province of construction lies

wholly within the domain of ambiguity.' *Hamilton* v. *Rathbone*, 175 U. S. 414-421, 20 S. Ct. 155, 158 (44 L. Ed. 219). If it is too plain to misunderstand, there is nothing to construe."

The provision of section 34 of the charter of the city of Harrisonburg delegating to the municipality the power to create and fill the office of city justice was the only amendment to this section as it existed prior to the act of 1932 (Acts 1895-96, ch. 576, section 34, as amended by Acts 1932, ch. 322). This addition to the charter is complete in itself and is clear and specific upon the subject. The conclusion is inevitable that by using the language it did, the legislature intended that there should be no valid election, unless five councilmen voted in favor of one nominee. The functions, powers and duties of the mayor of a city, as well as other municipal officers, are derived from and are dependent upon constitutional, statutory, and charter provisions. He takes nothing beyond the powers expressly conferred or necessarily implied from the language used.

Plaintiff in error contends that the trial court committed error in refusing him a trial by jury. After the court had rejected a plea alleging non-joinder of parties defendant, and overruled a demurrer, Charles A. Hammer, Jr., filed an answer entitled "A Special Plea-Answer." In this answer the facts heretofore stated were, in effect, admitted to be correct, but it was charged that the attempted election to fill the office of city justice held on November 6, 1936, constituted a valid and legal election of Charles A. Hammer, Jr. The fourth count in the answer alleged that at a called meeting of the council held on December 29, 1936, the members of the council had discussed and concluded that the election of November 6, 1936, was a valid and legal election. The court sustained a motion to strike this count in the answer, on the ground that it was too indefinite and uncertain in statement to give adequate information of the defense relied upon and that it was a mere conclusion of law, and not statements of fact. To this ruling of the

court, Charles A. Hammer excepted, and leave was given him to amend his answer. The trial court sustained a motion to reject the amended answer on the ground that some of the allegations were in direct conflict with the allegations of the original plea or answer, and that other allegations were simply a repetition and enlargement of the former allegations set forth in count four of the original answer. Exception was again taken to the ruling of the court in rejecting this amended answer. Evidence in support of this allegation was offered and received by the trial court, for the purpose of presenting it to this court. The evidence offered was simply an attempt to prove by oral testimony, what transpired at the meeting held December 29, 1936. The trial court suggested to counsel for plaintiff in error that, in order to prove an official election by the city council, the minutes of the council were the best evidence. It seems that these minutes were available and in the court room at the time of the hearing, but counsel for reasons best known to himself declined to offer them as evidence.

These rulings of the trial court on the pleadings and the rejection of evidence were plainly right. This being true, there was no issue of fact to be submitted to a jury, even if a defendant summoned to answer information filed in a *quo warranto* proceeding is entitled to a trial by jury. "The province of the jury is to settle questions of fact, and when the facts are ascertained, the law determines the rights of the parties." *Forbes & Co.* v. *Southern Cotton Oil Co.*, 130 Va. 245, 260, 108 S. E. 15, 20.

After the court had exercised its discretion in permitting the information to be filed, the defendant was summoned to show by what title he held the office in controversy. As stated by Judge Lewis, in *Shumate* v. *Supervisors,* 84 Va. 574, 579, 5 S. E. 570, 573: "For in such a proceeding, the defendant being called on by the Commonwealth to show by what title (*quo warranto*) he holds the office in controversy, the burden of proof is not, as in ordinary actions, upon the plaintiff, but upon the defend-

ant; and not only is this so, but the latter, to succeed, must show *a complete* title."

The defendant named in the information having failed to prove a valid legal title to the office of city justice of peace for the city of Harrisonburg, the judgment of the trial court is affirmed.

*Affirmed.*