# Richmond

## W. E. Hudgins, Jr. v. Colon L. Hall, J. W. Taylor, Jr., and I. H. Haywood.

January 15, 1945.

Record No. 2874.

Present, All the Justices.

The opinion states the case.

*James N. Garrett*, for the plaintiff in error.

*James G. Martin*, for the defendants in error.

SPRATLEY, J., delivered the opinion of the court.

This is a proceeding instituted by a petition praying for a peremptory writ of mandamus compelling W. E. Hudgins, Jr., to refrain from assuming the office of chairman of The Board of Supervisors of Norfolk county, and to deliver to Colon L. Hall as the chairman of that board all papers and documents appertaining to the office of such chairman.

The petition alleged that The Board of Supervisors of Norfolk county consists of six members; that at a meeting of the board, on January 12, 1944, Hall was elected as chairman, three votes being in his favor and two votes in favor of W. E. Hudgins, Jr.; that Hudgins took possession of the chairman's seat at that meeting, contending that he had the right to act as chairman and refused to deliver the possession of the papers and documents belonging to such office to Hall; and that by reason of the acts of Hudgins the board was prevented from functioning properly, and the welfare of the county of Norfolk was endangered.

The petition, returnable on Monday, January 17, 1944,

was served on Hudgins on Friday, January 14, 1944. On January 17th, the attorney for the appellees moved that the mandamus be granted, and stated that he was ready to present evidence in support of his motion. Mr. G. Curtis Hand, an attorney, advised the court that he had not been employed as counsel in the case for Hudgins, but that, on the day before, he had received a telephone call from Mr. James N. Garrett, an attorney at law, who asked him to present a written motion for a continuance. The motion recited that Hudgins had employed Garrett to represent him in the proceedings, and that Garrett was a duly elected member of the General Assembly of Virginia, which convened on January 12, 1944, in consideration whereof a continuance was requested until thirty days after the adjournment of the General Assembly of Virginia, pursuant to Code of Virginia, 1942, (Michie) section 298.

This motion was resisted by the appellees on the ground that the statute was unconstitutional, in that it interfered with the function of the courts, and was not intended to apply to this type of proceeding. The motion was overruled. Thereupon counsel for the appellees indicated his willingness to postpone the case until Wednesday, January 19th, and the court granted his motion to that effect.

The case came on again to be heard at ten o'clock a. m., on January 19th. Mr. Hand, on behalf of Hudgins and his attorney, Garrett, renewed, in writing, the motion for a continuance for thirty days after the General Assembly of Virginia shall have adjourned, under Code, section 298, presenting a certificate showing that Garrett, a duly elected and qualified member of the General Assembly of Virginia then in session, had been retained by Hudgins to represent him in the proceeding. The trial court stated that it would take judicial notice of the stated facts, and again overruled the motion.

Hand then advised the court that Garrett had informed him at five-thirty p. m. on the afternoon before, that it would be impossible for him to appear in court on January 19th, and that he, Hand, had no opportunity to prepare

himself for the hearing and was not fully familiar with the law applicable to the case. He then, on behalf of Hudgins, filed a demurrer and an answer to the petition. The demurrer alleged that while the petition showed on its face that at the meeting held on January 12th, six supervisors were present, Hall received only three votes for the office of chairman, and that no election resulted for the reason that Hall did not receive a majority of the votes of the six supervisors present, as required by Virginia Code, 1942, (Michie) section 2717.

The trial court, after hearing argument, held that the assemblage of the members of the board for the purpose of organization did not of itself constitute a meeting of the board; that there was no board until after the organization meeting had been held and a member elected as chairman; that Code, section 2717, did not apply; and that the election was controlled by regular parliamentary rules governing the organization of deliberative bodies. It overruled the demurrer, entered an order that Hall was the duly elected chairman of the board, and directed that Hudgins cease to assume the place and duties of such chairman and deliver all papers pertaining to the chairmanship to Hall.

The following facts appear from the evidence:

The Board of Supervisors of Norfolk county consists of six men. They are W. E. Hudgins, Jr., B. F. W. Paxson, G. A. Treakle, Colon L. Hall, J. W. Taylor, Jr., and I. H. Haywood. They were duly elected and qualified for the four-year term beginning January 1, 1944. On January 11, 1944, the second Tuesday in the month, which had been the regular meeting date of the board for a number of years, three members, W. E. Hudgins, Jr., G. A. Treakle and B. F. W. Paxson, assembled for the purpose of a meeting. There being no quorum present, the other three members, the appellees being absent, no business was transacted.

Another meeting was called for January 12th, and all six members of the board were present. After Hudgins had called this meeting to order, Hudgins and Hall were each nominated for the office of chairman. Three votes were cast

in favor of Hall and two for Hudgins, Hudgins being present, but not voting. The clerk of the board announced the result as no election. The Commonwealth's attorney for Norfolk county, who was present, concurred in this ruling. Hudgins then contended that, inasmuch as no chairman had been elected at the meeting, he was entitled to continue as chairman, by virtue of section 33 of the Constitution of Virginia. He refused to surrender the chair and the insignia of office. This litigation followed.

No questions of fact are in dispute. There was no specific evidence of any particular danger or damage to the public welfare of the county. We are concerned only with questions of law.

The appellant assigns three grounds of error, first, the failure of the court to grant a continuance on the ground that appellant's counsel was a member of the General Assembly at the time of the hearing; second, that it erred in overruling the demurrer; and, third, in awarding a writ of mandamus under the evidence.

The facts present an ideal case for the application of Code, section 298. This section, which contains all the statutory law of Virginia on this subject, reads as follows:

"Sec. 298. Continuance of right; member or officer of general assembly.—Any party to an action or proceeding in any court, commission or other tribunal having judicial or quasi judicial powers or jurisdiction, who is an officer or member of the General Assembly, or who has, prior to or during the session of the General Assembly, employed or retained to represent him in such action or proceeding an attorney who is an officer or member of the General Assembly, shall be entitled to a continuance as a matter of right during the period beginning fifteen days prior to the commencement of the said session and ending thirty days after the adjournment thereof; and the failure of any court, commission or other tribunal to allow such continuance when requested so to do shall constitute reversible error. (1906, p. 19; 1926, p. 18; 1934, p. 370; 1940, p. 363.)"

In *Rosenberger* v. *Commonwealth*, 159 Va. 953, 166 S. E. 464, Mr. Justice Holt said:

"Statutes of this character are not unusual and are generally held to be a valid exercise of legislative power. 13 Corpus Juris, page 146; 6 R. C. L., page 550; Anno. Cas. 1913C, page 434; *Chicago Public Stock Exchange* v. *McClaughry*, 148 Ill. 372, 36 N. E. 88; *Silvie* v. *International Order*, 19 La. App. 392, 140 So. 97; *Johnson* v. *Theodoron*, (324 Ill. 543, 155 N. E. 481, 483) *supra; Bottoms* v. *Superior Court*, 82 Cal. App. 764, 256 Pac. 422."

See also, 17 C. J. S., Continuances, section 30; *Barton-Mansfield Co.* v. *Higgason*, 192 Ark. 535, 92 S. W. (2d) 841, and *Watts* v. *Donna* (Tex. Civ. App.), 43 S. W. (2d) 268.

The language of the statute is clear, absolute and un-equivocal. It needs no construction or interpretation. It is a peremptory statute, designed to prevent embarrassment and conflict to a member of the General Assembly in the performance of his public and private duties.

Code, section 298, has an interesting history, which shows the consideration the statute has received at the hands of the General Assembly. The first legislation upon the subject, Acts of Assembly, 1906, page 19, approved February 17, 1906, allowed a continuance as a matter of right, when the General Assembly was in session, if a party to an action in any court had employed or retained a member or officer of the General Assembly to represent him in such action prior to the beginning of the session of the General Assembly. The revisors of the Code of 1919 adopted this statute, adding the qualification: "upon the certificate of such attorney that his client has a defense to the merits of the case." Virginia Code, 1919, section 298.

The statute was broadened by Acts of Assembly, 1926, page 18, Code 1930 (Michie), section 298, to allow such a continuance where a member of the General Assembly was a party to a suit or was employed as an attorney in a suit "prior to or during the session of the General Assembly." By further amendment, Acts of Assembly, 1934, page 370,

Virginia Code, 1936 (Michie), section 298, the time of the right of continuance was extended for fifteen days after adjournment of the General Assembly, and the provision added that "The failure of any court, commission or other tribunal to allow such continuance when requested so to do shall constitute reversible error." The final amendment, Acts of Assembly, 1940, p. 363, Virginia Code, 1942 (Michie), section 298, *supra,* further extends the time during which such continuance may be secured to embrace the fifteen-day period prior to the commencement of the session of the General Assembly and ending thirty days after the adjournment thereof.

The legislature is a coordinate branch of the State government. It may well determine what conditions will best enable its membership to perform their official duties and private responsibilities while engaged in public service. The functions and acts of each branch of the government are entitled to respect, and in the application of the statute to the facts of this case, we find no violation either of the constitutional powers and duties of the courts, or of the rights of the parties involved.

It appears to us, from the record and the development of the case, that the appellant was prejudiced in not having the opportunity of being represented by his regular counsel,—counsel who was fully cognizant of the facts and background of the litigation, and that he was also prejudiced in being forced to trial within two days, when his substitute counsel was not given sufficient time to familiarize himself fully with the law and the facts. Apart from the peremptory provision of the statute, appellant was entitled, under the facts and circumstances, to a continuance for a longer period than that granted.

The remaining two assignments of error, which deal with the merits of the case, may be considered together. The powers and duties of the board of supervisors of a county are fixed by statute, and it has no other powers than those conferred expressly or by necessary implication. Chapter 109, entitled "Boards of Supervisors," Virginia Code, 1942

(Michie), sections 2710-2723, inclusive, contains the general law applicable. *Old* v. *Commonwealth,* 148 Va. 299, 303, 138 S. E. 485.

In accordance with Virginia Constitution, section 111, Code, section 2710, provides that "The supervisors of the several districts in each county shall constitute the board of supervisors for said county, * * * ."

The Constitution contains no mention of the chairman of the board of supervisors. However, Virginia Code, 1942 (Michie), section 2712 does make provision for a chairman in the following language:

"They shall, at the first meeting after their election choose one of their number as chairman, who shall preside at such meeting, and·all of the meetings during the year, if present; but in case of his absence from any meeting, the members present shall choose one of their number as temporary chairman."

This brings us to a consideration of Code, section 2717, which regulates the proceedings of the board of supervisors, the pertinent provisions of which are as follows:

" * * * All questions submitted to the board for decision under the provisions of this chapter, or any law of the state, shall be determined by a *viva voce* vote of a majority of the supervisors present; but in any case in which there shall be a tie vote of the board upon any question when all the members are not present, the question shall be passed by till the first meeting at which all the members are present, when it shall again be voted upon; in any case in which there shall be a tie vote on any question, all the members of the board being present, the clerk shall record the vote, and immediately notify the commissioner in chancery designated by the court to give the casting vote in case of a tie, if that be practicable and request his presence at the present meeting of the board; but if that be not practicable, then the board may adjourn to a day fixed in the minutes of the board, or in case of a failure to agree on a day, to a day fixed by the clerk and entered by him on the minutes. * * * "

Code, section 2718 provides for the appointment of the tie breaker mentioned in the foregoing section.

It will be observed that the statute four times refers to members of the board "present." The importance attached to this repetition is significant.

There is nothing obscure or ambiguous in the language of the statute. Its language has undergone little change in more than half a century.

In Code of 1887, section 832, we find "All questions submitted to the board for decision, under the provisions of this chapter, or of any law of the state, shall be determined by a vote of a majority of the supervisors present; * * * ." This language remained unchanged when the statute was amended by an Act of the Assembly, 1893-94, page 941.

By an Act of the Assembly, 1902-3-4, page 855, Virginia Code, 1904 (Pollard), section 832, the words *"viva voce"* were added immediately prior to the word "vote." The same language is found in Acts of Assembly, 1904, page 254, and remains unchanged in the subsequent Acts of the Assembly, 1916, page 42, now Virginia Code, 1942 (Michie), section 2717.

Unquestionably, the election of a chairman is a question submitted to a board of supervisors. It is the first question required for decision by the board.

Code, section 2717 does not provide for the determination of a question by a majority of the supervisors "elected," or by a majority of the supervisors "present and voting." It specifically and clearly requires "a *viva voce* vote of a majority of the supervisors present" for the decision of "all questions submitted." The continued use of the word "present" is too significant to be disregarded. A decision can be reached only by a majority vote of all the supervisors present. See *Smiley* v. *Commonwealth*, 116 Va. 979, 83 S. E. 406.

We need not comment upon the situation which resulted under the facts of this case, nor need we theorize as to the result of a construction that a majority of those voting is sufficient for a final decision, even though the entire mem-

bership be present. If it is desirable that a change should be made in the provisions of the statute, appeal should be made to the General Assembly and not to the courts. We can not add to the statute or take anything from it.

There is no merit in the contention that, by virtue of section 33 of the Constitution of Virginia, Hudgins held over in 1944 as chairman of the board until his successor had qualified. There were no hold-over members of The Board of Supervisors of Norfolk county on January 1, 1944. All of the members of the board had been elected and qualified for a new term, beginning January 1st of that year. The chairman of the board is not an officer elected under the Constitution, nor such an officer as is contemplated by section 33 of the Constitution. The re-election of Hudgins as a member of the board bore no relation to the election of a chairman of the board. The election of a chairman was an incident in the functioning of the new board. Only a member of the board could be elected chairman. If someone had been elected and had qualified as the supervisor from Hudgins' district, surely Hudgins, a former member of the board, could not be said to be its hold-over chairman, if the new board failed to duly elect a chairman.

The trial court erred in holding that there was no board of supervisors until after a chairman had been elected. Section 111 of the Constitution and Code, section 2710, are to the contrary effect. It likewise erred in holding that Colon L. Hall had been duly elected chairman of the board, and in ordering that Hudgins deliver to Hall, as such chairman, all papers appertaining to the chairmanship. The election of a chairman is a question submitted to the board, and the decision thereon is controlled by the statute, Code, section 2717, and not by standard parliamentary rules governing other bodies. Accordingly, no chairman of the board was elected on January 12, 1944.

The real purpose of the proceeding was to secure an adjudication that Hall was the lawful chairman of the board.

For the failure to grant the continuance under the circum-

stances recited, and for the two specific errors above pointed out, the judgment of the trial court is reversed and the petition for the writ of mandamus dismissed.

*Reversed and dismissed.*