CLAWSON ET AL. *v.* WILGUS ET AL., MIAMI COUNTY BOARD OF ELECTIONS.

*Mr. Richard A. Goater,* for plaintiffs.
*Mr. J. H. DeWeese,* for defendants.

*Per Curiam.* Plaintiffs seek a writ of prohibition against defendant board of elections prohibiting it from placing the names of Hershel Straker, Hugh Worthington and Robert J. Tweed on the ballot at the next general election to be held November 5, 1957, as candidates for the Board of Education of the Miami County School District. An alternative writ was granted and a hearing had, at which both parties were represented by counsel. At the hearing the parties stipulated that the material facts set out in the petition are true. Certain exhibits were introduced. An early decision in the matter is imperative because of the imminence of the deadline for preparation of the ballots for the coming November election. We therefore, as briefly as possible, express our opinion on the questions presented by the petition and the record.

The issue presented is whether the petition of Robert J. Tweed, Hershel Straker, and Hugh Worthington for candidacy for members of the Miami County Board of Education at the next general election is invalid for the reasons asserted in the petition of plaintiffs.

The petition presents a second question, viz., did a majority of the defendant board vote to declare valid the petition filed by the proposed candidates for members of the Miami County Board of Education?

The facts, which are admitted, upon which plaintiffs base their claims are set out in the first, second and third paragraphs of the petition, as follows:

"1. The Miami County Board of Elections found that not less than five of the signers of said petition, to wit, Maybelle Brown, Anna M. Alexander, Lee Alexander, John J. Riffell, and Howard S. Caven, signed a nominating petition for said candidates circulated by one, Earl Weeks; that each of said five named signers did not sign a petition for said candidates circulated by

Hershel Straker; that Hershel Straker did sign the nominating petition of said candidates as circulator and did depose and swear that all the names on said nominating petition including the five above named persons, were signed in his presence.

"2. That Hershel Straker, at said hearing before the Miami County Board of Elections, did admit that he did not circulate the nominating petition for said candidates and that he erroneously signed said petition as circulator and that he intended to sign said nominating petition only as an elector of said school district.

"3. That one of the members of the Miami County Board of Elections was absent from the meeting on August 22, 1957. That only two of the three members at said meeting voted to sustain the validity of said nominating petition; and that, therefore, a majority of said board did not pass on the validity of said nominating petition, contrary to Section 3501.11, Revised Code of Ohio."

We hold with the contention of plaintiffs upon the facts set out in the first and second paragraphs, heretofore quoted. This conclusion is in conformity with an opinion of the Attorney General of Ohio, Opinions of Attorney General (1952), 170, No. 1203; and, as to the validity of the petition in this case, we are in accord with the stated conclusion of the Secretary of State in his letter to Mr. Richard A. Goater, counsel for plaintiffs, of date August 16, 1957, which was admitted by the defendant board in its hearing on the protest to the petition.

The opinion of the Attorney General is epitomized in the first paragraph of the syllabus thereof, which reads:

"I. If a board of elections determines that the affidavit of a circulator prescribed by Section 4785-71, General Code [similar to Section 3513.261, Revised Code], contains a statement which is false within the knowledge of such circulator, it should reject the entire petition paper to which such affidavit is attached."

The Attorney General in his opinion relies, in part, upon *State, ex rel. Gongwer*, v. *Graves, Secy. of State*, 90 Ohio St., 311, 107 N. E., 1018. In the course of that decision, which was a *per curiam* and therefore the opinion of every member of the court, it was said, pages 322-324:

"It is insisted, however, that all the names upon any part

of a petition should not be rejected because one or more is \* \* \*, false or \* \* \*, and that is true if the verification to that part is not a perjury. These petitions and each separate part thereof depend for their efficiency and their validity upon the affidavit of the circulator that each of the signatures attached to such part was made in the presence of affiant; \* \* \*.
"\* \* \*

"It is not sufficient that some of the signatures on some of the parts of a petition are genuine, nor is it absolutely necessary to the validity of the petition or any part thereof that every signature thereon should be genuine; but it is absolutely necessary to the validity of the petition or any part thereof that the circulator, when he makes affidavit certifying the signatures on these petitions, should believe that he is stating the truth. \* \* \* But if the circulator knew that a signature appearing on such part of a petition was not genuine; if he knew that such signature was not written on the petition in his presence; \* \* \* then such affidavit is worthless and the petition or part of a petition to which it is attached does not fill the requirement of the Constitution, and the genuine signatures thereon cannot be counted for the reason that that part of the petition lacks the affidavit required by the Constitution."

The cited case differs from the instant case in that the petition there under consideration was for a referendum vote upon a law passed by the General Assembly of the state and that fraud, misconduct and perjury on the part of the circulator of the petitions was found. Another case pertinent to the issue here is *Ohio Valley Electric Ry. Co.* v. *Hagerty, Aud.*, 14 Ohio App., 398, which announces in the second paragraph of the syllabus that:

"The provision of the statute (Section 4227-4 [General Code]), requiring each part of a petition for a municipal referendum to contain an affidavit that the petitioning electors signed such petition with knowledge of the contents thereof, is mandatory."

A motion to certify the record in that case was overruled in the Supreme Court.

Outside Ohio, and of the same tenor as the foregoing au-

thorities, see *Smiley* v. *Commonwealth,* 116 Va., 979, 83 S. E., 406.

The requisites and form of a nominating petition for candidacy for the office of member of a county board of education are set out in Section 3513.261, Revised Code. As one of the requisites of this nominating petition, there is included an affidavit to be made by the circulator of the petition, which reads:

"The State of Ohio ⎫

"County of ...... ⎭

"........., being duly sworn, deposes and says that he is the circulator of the foregoing petition paper containing ...... signatures; *that said signatures were written in his presence* and are the signatures of persons whose signatures they purport to be; and that he resides at the address appearing below his signature hereto." (Emphasis ours.)

Inasmuch as there was but one petition paper filed in the candidacy of the individuals set forth in the petition and it appearing that the affidavit was not in accord with the facts, a material requirement of the statute was not observed. It was therefore invalid and, as there was no valid petition before the defendant board, it could not properly so certify.

We are mindful that the development in this case is unfortunate in that it will prevent the electors of the Miami County School District from expressing their preference among nominees for the office, including those incorporated in the petition here under consideration. This is especially unfortunate because it is conceded and clearly appears that the defect in the affidavit was inadvertent and did not occur in bad faith. However, election laws are creatures of statute and have application throughout the whole state of Ohio. Violation of the requirements of such laws cannot be permitted in any one community, though it may seem that a waiver of a specific provision would be, broadly, in the interest of justice.

Because of our ruling that the nominating petition under consideration was invalid, we do not adjudicate the claim of the plaintiff that a majority of the defendant board did not certify to the sufficiency and validity of the petition.

The writ of prohibition is, therefore, granted as prayed in the petition.

*Writ allowed.*

Hornbeck, P. J., Wiseman and Crawford, JJ., concur.