## Richmond

HERMAN CLARENCE RICE, JR. v. COMMONWEALTH OF VIRGINIA.

April 24, 1972.

Record No. 7875.

Present, All the Justices.

*Thomas W. Moss, Jr.*, for plaintiff in error.

*James E. Kulp, Assistant Attorney General (Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

Herman Clarence Rice, Jr., was convicted by a jury of second degree murder and sentenced in accordance with the jury's verdict to confinement in the State penitentiary for a period of eighteen years. Rice's sole contention on this appeal is that the trial court erred in overruling his motion for a continuance because his counsel, Thomas W. Moss, Jr., was a member of the General Assembly of Virginia, which was in session at the time his case was tried, and he was entitled to a continuance under Code § 30-5, as amended.

The pertinent portion of Code § 30-5 reads as follows:

"Any party to an action or proceeding in any court * * * who has * * * employed or retained to represent him in such action or proceeding an attorney who is an officer, employee or member of the General Assembly * * * *shall* be entitled to a continuance as a matter of right during the period beginning thirty days prior to the commencement of the session and ending thirty days after the adjournment thereof * * *. The failure of any court * * * to allow such continuance when requested so to do * * * during the period hereinabove specified *shall* constitute reversible error * * *." (Emphasis added.)

The record shows that Rice's counsel was a member of the General Assembly, which was in session when the motion for a continuance was made seven days before the trial date. The trial court denied the motion on the ground that it had not been timely made.

As a general rule, a motion for a continuance should be timely made, but there is no such limitation in the statute here involved. Under the plain language of the statute Rice was entitled to a continuance "as a matter of right," and the failure of the trial court to grant his motion constituted reversible error.

■ The question of the constitutionality of the statute was first raised by the Commonwealth in this case on appeal and we will not notice it at this time.

*Reversed and remanded for a new trial.*