■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY M. CAMPOLITO, Appellant, v LEONARD PORTUONDO, as Superintendent of Shawangunk Correctional Facility, et al., Respondents. [669 NYS2d 726] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered June 19, 1997 in Ulster County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

After petitioner was stopped in Texas for traffic infractions, it was discovered that he had violated his parole in New York. Petitioner was returned to this State and, following a parole revocation hearing at which petitioner pleaded guilty with an explanation to failing to report for parole appointments, his parole was revoked and he was remanded to custody for 36 months. He then commenced a CPLR article 78 proceeding challenging that decision. Supreme Court, finding the hearing

record inadequate to permit meaningful review, vacated the determination and remitted the matter for a new hearing to be held within 45 days of the entry of its order.

At the rehearing, petitioner, proceeding *pro se*, again pleaded guilty with an explanation to failing to report as required. Petitioner's parole was revoked and it was determined that he would be detained for 48 months. After an unsuccessful administrative appeal, petitioner brought this petition for a writ of habeas corpus. Supreme Court dismissed the petition and this appeal ensued.

Respondents' agreement to reduce the period of petitioner's parole hold from 48 months to 36 months has rendered academic his objection to the additional length of the penalty. Petitioner's other arguments, to the extent that they are properly before us, are unconvincing. The record establishes that the second parole revocation hearing was held within 45 days of the entry of the order directing that a new hearing be conducted; the date the order is signed does not, as petitioner urges, constitute entry thereof (*see*, CPLR 5016 [a]). And, insofar as petitioner maintains that the parole revocation hearing should have been held in Texas, where petitioner was apprehended, it suffices to note that he never requested a local hearing (*see*, Executive Law § 259-i [3] [e] [i]; *People ex rel. Madison v Sullivan*, 142 AD2d 621, 622).

Petitioner's assertion that he was denied the effective assistance of counsel is equally meritless. The record demonstrates that petitioner, dissatisfied with his counsel's services, refused representation and unequivocally elected to proceed *pro se*, indicating to the Hearing Officer that he had legal training.

Cardona, P. J., Crew III, White and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.