# CIRCUIT COURT OF HANOVER COUNTY

Whitney Andrews, etc.

v.

Paramount Parks, Inc.

February 26, 1999

Case No. CL97-285

BY JUDGE WILLIAM H. LEDBETTER, JR.

The court must determine in this case the effect of Rule 1:1 regarding finality of orders, certain time computations, and legislative privilege under Virginia Code § 30-5.

## *Facts*

A recitation of the history of this litigation is necessary because certain time frames are critical to the resolution of the issues.

The plaintiff (Andrews), a minor, sued the defendant (Paramount) by her father and next friend in the Norfolk Circuit Court. In her motion for judgment filed on September 5, 1997, she alleges that she was injured on a ride at King's Dominion due to Paramount's negligence. The accident occurred in June of 1994.

Paramount responded with an objection to venue and grounds of defense. The case was transferred here by consent order on November 5, 1997.

Nothing more transpired until August 6, 1998, when Paramount submitted discovery requests. Andrews' attorney [William P. Robinson, Jr.] wrote to Paramount's attorney on August 25, 1998, complaining that the interrogatories were "inappropriate" because of the age of the plaintiff. He asked that the interrogatories be redrafted. (Andrews filed no objections or motion for protection.) On August 27, 1998, Paramount's attorney wrote back to

Andrews' attorney agreeing to withdraw some interrogatories and requesting timely responses to the others.

Andrews made no response to any of the discovery requests.

On October 5, 1998, Paramount filed a motion to compel and gave notice for a hearing on December 9, 1998. Upon request of Andrews' attorney, the hearing was continued to December 15, 1998.

On December 15, 1998, Paramount appeared on its motion by counsel. No one appeared for Andrews. Paramount tendered a proposed order which the judge signed the next day, December 16, 1998. Andrews' attorney sent his endorsement of the order to the court on December 22, 1998.[1] The order provides:

> Wherefore, it is adjudged, ordered, and decreed that this case will be dismissed with prejudice unless [Paramount] receives responses to its discovery request within ten (10) days of the entry of this Order.

On December 28, 1998, Andrews' attorney faxed the following message to the court:

> Pursuant to the provision of Section 30-5 of the Code of Virginia, 1950, as amended, I motion the court for a deferral of all action regarding this case.

No further action was taken until Andrews' attorney filed a motion on January 28, 1999, asking the court to set aside the "dismissal order," i.e., the order of December 15, 1998.

The court heard arguments on the motion on February 22, 1999, and took the matter under advisement.

### Nature of the December 16, 1998, Order

Both parties refer to the order of December 16, 1998, as a "dismissal order." They also refer to it as a "self-executing" order.

---

[1] In this rather unusual procedure, Paramount's attorney tendered the original order to the court, which the judge signed, and sent a copy of the order along with a signature page to Andrews' attorney. Andrews' attorney did not object to the procedure or to the order and mailed in his endorsement.

Because of this agreement about the nature of the order, the court need not construe it. A "self-executing dismissal order" obviously means that the case stands dismissed after the passage of time stated in the order unless the required acts are done within that time.[2]

### Computation of Time

An order is effective as of the date it is signed by the judge. Rule 1:1. The day on which the judge signed the order is excluded from any time computation required by the order. Virginia Code § 1-13.3. It follows that the date by which the discovery responses were to be made or the case dismissed was December 26, 1998.

That day was a Saturday. Did that fact postpone the effective dismissal date to the following Monday, December 28, 1998?

Virginia Code § 1-13.3:1 provides that when the last day "for any act to be done in the course of judicial proceedings" falls on a Saturday, "the act may be done on the next day that is not a Saturday, Sunday, or legal holiday ... ."[3]

Therefore, the court is of the opinion that a proper computation allowed Andrews to make her responses to discovery by Monday, December 28, 1998, rather than by Saturday, December 26, 1998. Consequently, the dismissal order was not effective until December 28, 1998, when no discovery responses were made.

### Finality of the Order

A "final order" is the one that disposes of the whole subject and completes the case, leaving nothing more to be done. *Daniels v. Truck & Equipment Corp.*, 205 Va. 579 (1964). Since the parties have conceded that the order of December 16, 1998, was a "self-executing" dismissal order, it was a final order that became effective on December 28, 1998, when Andrews failed to comply with its terms.

---

[2] Despite this concession by counsel, the court cannot help but observe the language of the order: this case *will be* dismissed with prejudice unless ... ." It would seem that a "self-executing" dismissal order should provide that the case "*is* dismissed with prejudice *without further order* unless ... ."

[3] Virginia Code § 2.1-22 declares that nothing done by a court or judge on a Saturday is "rendered invalid" by virtue of it being done on a Saturday. However, that statute is not applicable here because nothing was actually done on a Saturday.

A final order remains under control of the trial court for twenty-one days after the date of its entry and no longer. Rule 1:1. Only an order suspending or vacating the final order can toll the running of the time. *School Board v. Caudill Rowlett Scott, Inc.,* 237 Va. 550 (1989).

Because no order suspending, vacating, or setting aside the final order was entered within that 21-day period, or has ever been entered, the court cannot now set it aside.

### Legislative Privilege

As noted above, Andrews' attorney notified the court on December 28, 1998, that he wished to invoke the provisions of Virginia Code § 30-5. Andrews' attorney is a member of the General Assembly.

Section 30-5 entitles members of the General Assembly to certain continuances and extensions of time if they are counsel in judicial proceedings. The continuance is a "matter of right" and extends for a period beginning thirty days before a legislative session to thirty days after adjournment and for other specified times.

Most of the statute addresses continuances of court *proceedings,* not applicable here. However, the statute also provides:

> Any pleading *or the performance of any act* relating thereto required to be filed or performed by any statute or rule during the period beginning thirty days prior to the commencement of the session and ending thirty days after adjournment of the session shall be extended until not less than thirty days after such session. [Emphasis added.]

In *Hudgins v. Hall,* 183 Va. 577 (1945), the Supreme Court observed that the statute "is clear, absolute and unequivocal." It needs no construction or interpretation. It is a peremptory statute, "designed to prevent embarrassment and conflict to a member of the General Assembly" in the performance of his public and private duties. The Court traced the history of the statute from its enactment in 1906, showing that its scope has been expanded several times. Reversing the trial court for refusing to grant a continuance, the Court said:

> The legislature is a coordinate branch of the State government. It may well determine what conditions will best enable its membership to perform their official duties and private responsibilities while engaged

in public service. The functions and acts of each branch of the government are entitled to respect ... .

See also *Rice v. Commonwealth*, 212 Va. 778 (1972).

When Andrews' attorney invoked his legislative privilege on December 28, 1998, he triggered that portion of § 30-5 that provides that "the performance of any act ... required to be ... performed ... shall be extended until not less than thirty days after [the] session." The court had no discretion in the matter; it was an absolute right, the denial of which would "constitute reversible error," according to the statute.

In other words, the time within which Andrews was required to respond to Paramount's discovery requests was extended from December 28, 1998, until not less than thirty days after adjournment of the legislative session. Consequently, Andrews' attorney's failure to make such response by December 28, 1998, could not cause dismissal of the case, notwithstanding the finality of the order of December 16, 1998. The time within which such responses must be filed, making allowance for the extension to which he is entitled under § 30-5, has not expired.

In this case, the invocation of the extension privilege of § 30-5 rendered the finality of the "self-executing" dismissal order immaterial. The effective date must be extended for the reason explained.

The proper result is achieved without setting aside the order of December 16, 1998. Instead, the period prescribed in that December 16, 1998, order must be extended, as required by § 30-5, until a date not less than thirty days after the current General Assembly session adjourns.

Mr. Robinson will please prepare and circulate a sketch order consistent with this opinion, extending the period prescribed in the order of December 16, 1998, to the fortieth day after adjournment of the 1999 session of the General Assembly.