■ ROBERT FOLEY, SR., et al., Respondents, v FITZPATRICK CONTAINER COMPANY, Appellant. [699 NYS2d 598] —Carpinello, J. Appeal from an order of the Supreme Court (Lynch, J.), entered October 5, 1998 in Schenectady County, which denied defendant's motion to dismiss the complaint as time barred.

On May 1, 1996, plaintiffs commenced a negligence action against defendant for injuries allegedly sustained by plaintiff Robert Foley, Sr. on May 3, 1993. In March 1997, defendant moved to dismiss the complaint on the ground that plaintiffs failed to acquire personal jurisdiction. By decision dated December 31, 1997 and entered January 14, 1998, Supreme Court granted defendant's motion. Within 120 days thereafter—on March 6, 1998—plaintiffs recommenced the action. Defendant then moved to dismiss on Statute of Limitations grounds. In opposition, plaintiffs argued that CPLR former 306-b (b) permitted recommencement of the action within 120 days of the court's December 31, 1997 dismissal notwithstanding the expiration of the Statute of Limitations. Supreme Court denied the motion on the ground that, because its order was signed on December 31, 1997, dismissal occurred hours before the effective date of the repeal of CPLR former 306-b (b) and therefore recommencement was permissible.

We affirm, albeit on slightly different grounds. We note first that the original action was not dismissed until January 14,

1998, as an order is effective on the date of entry thereof and not on the date a decision is signed (*see, e.g., People ex rel. Campolito v Portuondo*, 248 AD2d 768, 769; *Matter of City of Albany v New York State Div. of Human Rights*, 157 AD2d 1008, 1009). Notwithstanding the actual effective date of the dismissal order, we reject defendant's contention that the instant action is barred by the Statute of Limitations. CPLR former 306-b (b) provided: "If an action dismissed for failure to * * * effect proper service was timely commenced, the plaintiff may commence a new action, despite the expiration of the statute of limitations after the commencement of the original action, upon the same transaction or occurrence * * * within one hundred twenty days of such dismissal provided that service upon the defendant is effected within such one hundred twenty day period."

Here, plaintiffs' original action was timely commenced under the statutory scheme then in effect and they commenced and effected service of a new action based on the same occurrence within 120 days of its dismissal. Although CPLR former 306-b (b) was repealed and the current version of CPLR 306-b, which eliminates the 120-day recommencement option, applies to cases commenced on or after January 1, 1998 (*see*, L 1997, ch 476, § 2), we find that, because plaintiffs' first action was commenced when CPLR former 306-b was in effect, plaintiffs are entitled to all benefits and rights accrued thereunder (*see, Bloomer v Altman*, 264 AD2d 795). Indeed, the repeal of a statute does "not affect or impair any * * * right accruing, accrued or acquired * * * prior to the time such repeal takes effect, but the same may be enjoyed, asserted, enforced, prosecuted or inflicted, as fully and to the same extent as if such repeal had not been effected" (General Construction Law § 93).

Defendant's remaining contentions have been considered and rejected as without merit.

Mercure, J. P., Crew III, Peters and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.