# CIRCUIT COURT OF THE CITY OF NORFOLK

Marvin Ellis

v.

Peter J. Lupica

January 10, 2001

Case No. (Law) L00-1130

BY JUDGE CHARLES E. POSTON

This action is before the Court on the Defendant's Motion to Dismiss on the grounds that the instant case is barred under *res judicata* by a final, unappealed dismissal of the prior lawsuit. The Court finds that because the plaintiff's counsel [William P. Robinson, Jr., Esq.,] is a member of the General Assembly, Code of Virginia § 30-5 controls, and the instant case is not barred.

On December 22, 1996, plaintiff was injured in an automobile/pedestrian accident that occurred in Chesapeake, Virginia. On December 28, 1998, plaintiff filed an original motion for judgment in Norfolk Circuit Court. The defendant has reserved the issue of whether this motion was timely filed, and the Court will assume for purposes of this opinion, without deciding, that the filing was timely. On July 24, 1999, the service of process was returned "not found." On December 29, 1999, the Clerk of the Circuit Court of the City of Norfolk issued a notice advising that the case would be dismissed on January 21, 2000, because the defendant had not been served with process within one year after the motion for judgment was filed in the Clerk's office. No pleadings or motion for continuance were filed in response to this notice. On January 24, 2000, the court entered an order dismissing the case with prejudice.

On February 25, 2000, the court entered an order setting aside the January 24, 2000, order based on the provisions of Code of Virginia § 30-5, because the plaintiff's attorney is a member of the General Assembly, and the January

24th order was entered while the General Assembly was in session. The order also continued the case on the docket for a period not to exceed thirty days after the adjournment of the 2000 General Assembly session. On April 6, 2000, the court entered a voluntary nonsuit order. The plaintiff filed a second motion for judgment on May 19, 2000.

The defendant argues that the court's February 25th order setting aside the January 24th order was a nullity because the court lost jurisdiction twenty-one days after the January 24th order was entered. The plaintiff argues that the February 24th order was valid because Code of Virginia § 30-5, in effect, operated to allow the court to set aside the January 24th order.

Code of Virginia § 30-5 provides that any party to an action or proceeding in any court who has retained a member of the General Assembly to represent him in such action or proceeding shall be entitled to a continuance as a matter of right during the period beginning thirty days prior to the commencement of the session and ending thirty days after the session adjourns. The statute provides further that "Any pleading or the performance of any act relating thereto required to be filed or performed by any statute or rule during the period beginning thirty days prior to the commencement of the session and ending thirty days after the adjournment of the session shall be extended. . . ." In *Hudgins v. Hall*, 183 Va. 577, 32 S.E.2d 715 (1945), the Supreme Court observed that "The language of the statute is clear, absolute and unequivocal. It needs no construction or interpretation. It is a peremptory statute, designed to prevent embarrassment and conflict to a member of the General Assembly in the performance of his public and private duties."

Rule 1:1 provides that "All judgments, orders and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." The Supreme Court has interpreted this rule to mean that a court can toll or extend the running of the 21-day period by entering an order, within the 21-day period after final judgment, suspending or vacating the final order. When the Plaintiff's attorney invoked his legislative privilege on February 25, 2000, he triggered that portion of § 30-5 that provides that "the performance of any act . . . required to be . . . performed by any statute or rule . . . shall be extended until not less than thirty days after [the] session." (Emphasis added.) The court had no discretion in the matter; it was an absolute right, the denial of which would "constitute reversible error." Because § 30-5 includes the performance of *any act* required to be performed *by any rule*, it is logical to apply the statute to the requirement implicit in Rule 1:1 that an order vacating or suspending a final order must be entered during the 21-day period after final judgment. The Plaintiff was thus entitled to have

the February 25 order entered setting aside the January 24 order, notwithstanding the order's entry after the 21-day period had expired.

Although Rule 1:1 is jurisdictional, the application of § 30-5 to this rule is consistent with the Supreme Court's action in *Hartsock v. Powell*, 199 Va. 320, 99 S.E.2d 581 (1957), in which a notice of appeal and assignments of error were filed two days past the sixty days prescribed by then existing Rule 5:1, § 4, also a jurisdictional rule. The Supreme Court applied the extension provision of § 30-5 to the rule and held that the filing time was thus extended until thirty days after the General Assembly adjourned. *See id.* at 322, 99 S.E.2d at 583. It would be inconsistent to hold that § 30-5 could be applied to one jurisdictional rule and not another, particularly when the language in § 30-5 clearly specifies that the extension applies to performance of *any* act required to be performed under *any* rule.

The Court finds that under the circumstances, the January 24, 2000, order was properly vacated, and the plaintiff's April 6, 2000, voluntary nonsuit order was properly entered. The instant case, filed on May 19, 2000, is therefore not barred by *res judicata*.