476

# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Lance Teko Johnson

September 28, 2001

Case No. CR01000348

BY JUDGE MARC JACOBSON

Lance Teko Johnson was charged, on November 12, 2000, with Assault Law Enforcement Officer, a felony, and Disorderly Conduct, a misdemeanor. A preliminary hearing was held on the felony charge of Assault Law Enforcement Officer, and trial on the misdemeanor Disorderly Conduct on December 28, 2000, in the Norfolk General District Court. The Defendant was subsequently indicted on the felony charge on February 7, 2001, and the Defendant appealed the misdemeanor conviction for Disorderly Conduct to the Circuit Court of the City of Norfolk. The felony and misdemeanor were set for trial in Norfolk Circuit Court on April 2, 2001. On the Motion of Jerrauld C. Jones, attorney for Defendant, the matter was continued from April 2, 2001, to June 25, 2001, pursuant to § 30-5 of the Code of Virginia (1950), as amended, Mr. Jones being a member of the Virginia General Assembly and indicating that the 2001 session of the Virginia General Assembly would convene for its veto session on April 2, 2001, through April 6, 2001.

On June 25, 2001, Defendant entered into a Plea Agreement. The Court, after engaging Defendant in the usual colloquy, determined that the pleas of

guilty to the felony and misdemeanor charges by the Defendant were knowingly, voluntarily, and intelligently made, after opportunity to discuss the decision so to do with his counsel and that the Plea Agreement was knowingly, voluntarily, and intelligently entered into by the Defendant, after having opportunity to discuss the acceptance of the Plea Agreement with his counsel. Defendant was sentenced in accordance with the Plea Agreement on June 25, 2001, and on June 29, 2001, the Court signed and entered the Trial and Sentencing Order (Order).

Jerrauld C. Jones, a member of the Virginia General Assembly, represented Defendant throughout the case, including the plea proceedings. The Order entered by this Court on June 29, 2001, states that Defendant appeared in person before the Court "with his attorney, Jerrauld Jones," and Mr. Jones signed the Plea Agreement. On July 18, 2001, William P. Robinson, Jr., Esquire, also a member of the General Assembly, submitted a Motion to the Court on Defendant's behalf under which Defendant sought to withdraw his guilty pleas. The Court took no further action nor was any further action nor request for a hearing on the matter requested until a hearing was held on August 3, 2001. At the hearing, the Commonwealth argued that the Motion was time-barred under Rule 1:1 of the Rules of the Virginia Supreme Court, in effect asserting that this Court did not have jurisdiction to consider and/or grant the Motion. Mr. Robinson's position was that, because he is a member of the Virginia General Assembly, which has been in session and is only in recess at this time, that Virginia Code § 30-5 preserves the Court's jurisdiction over this matter and thus the Motion.

It is the firmly established law of this Commonwealth that a trial court speaks through its written orders, and "orders speak as of the day they were entered." *Davis v. Mullins*, 251 Va. 141, 466 S.E.2d 90 (1996). Virginia Rule 1:1 provides that "[a]ll judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Virginia Rule 1:1. This rule also states that "[t]he date of entry of any final judgment, order, or decree shall be the date the judgment, order, or decree is signed by the judge." *Id.* The Supreme Court has interpreted this rule to mean that a court can toll or extend the running of the twenty-one day period by entering an order, within the twenty-one day period after final judgment, suspending or vacating the final order. *Davis*, 251 Va. at 148-49, 466 S.E.2d at 94.

In the instant case, Defendant entered his plea, and he was sentenced on June 25, 2001. The Order was signed and entered by the Court on June 29, 2001. Mr. Robinson made his Motion on July 18, 2001, twenty-three days

after Defendant's plea was entered and nineteen days after the entry of the Order. Although Mr. Robinson made a Motion within twenty-one days from the date the Order was signed and entered, final judgments, orders, and decrees only remain in a court's control for twenty-one days after the date of entry. Virginia Rule 1:1. They may be modified, vacated, or suspended during that twenty-one day period and no longer, and this Court did not modify, suspend, or vacate its Order within twenty-one days of its entry on June 29, 2001.

Virginia Code § 30-5 states that any litigant who has employed or retained a member of the General Assembly to represent him in such action or proceeding shall be entitled to a continuance as a matter of right. This applies during the period beginning thirty days prior to the commencement of the session and ending thirty days after the session adjourns. Va. Code § 30-5. The statute provides further that:

> Any pleading or the performance of any act relating thereto required to be filed or performed by any statute or rule during the period beginning thirty days prior to the commencement of the session and ending thirty days after the adjournment of the session shall be extended until not less than thirty days after any such session.

*Id.* The failure of a court to allow such continuances when requested to do so constitutes reversible error. *Id.* The Virginia Supreme Court has stated that "[t]he language of the statute is clear, absolute, and unequivocal. It needs no construction or interpretation. It is a peremptory statute, designed to prevent embarrassment and conflict to a member of the General Assembly in the performance of his public and private duties." *Hudgins v. Hall*, 183 Va. 577, 32 S.E.2d 715 (1945).

Although it might be argued that § 30-5 can apply to the Rule 1:1 requirement that an order vacating or suspending a final order must be entered during the twenty-one day period after final judgment, § 30-5 is not applicable nor properly raised in the instant case. Although Mr. Robinson suggests that he was retained on the day of sentencing and after the Defendant entered into his Plea Agreement, he was not counsel of record at any time during the time that the matter was pending, nor was an effort made to have a hearing within twenty-one days after the Order was entered.

The instant case is distinguished from other cases in which § 30-5 applied. For example, in *Rice v. Commonwealth*, 212 Va. 778, 188 S.E.2d 196 (1972), the defendant's counsel was a member of the General Assembly, which was in session when a motion for a continuance was made before the trial date. In

such situations, parties are entitled to a continuances "as a matter of right" under § 30-5. *Id.*, 212 Va. at 779, 188 S.E.2d at 196. It is also dissimilar to *Hartsock v. Powell*, 199 Va. 230, 99 S.E.2d 581 (1957), which supports the argument that § 30-5 applies to jurisdictional rules. In *Hartsock*, the appellant provided an affidavit from counsel, a member of the General Assembly, who was active in preparing the case for trial, that he expected to participate at trial until illness prevented him from doing so. A special session of the General Assembly, which counsel attended, was convened and continued in session until after the notice of appeal was due. The Supreme Court applied the extension provision of § 30-5 and held that the filing time was thus extended until thirty days after the General Assembly adjourned.

The instant case can also be distinguished from the Norfolk Circuit Court case of *Ellis v. Lupica*, 54 Va. Cir. 375 (2001). In *Ellis*, Judge Poston of this Court entered an Order setting aside a prior Order dismissing the case with prejudice. This occurred more than twenty-one days after the prior order was entered. By letter opinion, this Court found that the case was not barred under res judicata by a final, unappealed dismissal of the prior lawsuit and, because the plaintiff's attorney was a member of the General Assembly, § 30-5 applied. *Id.* However, in *Ellis*, the plaintiff's attorney was the counsel of record throughout the entire case. He did not, as in the instant case, make his first appearance on his client's behalf weeks after the entry of the final order.

In the case at bar, Mr. Robinson did not represent Defendant throughout the proceedings, and he was not active in preparing the case. Rather, his Motion and first appearance on Defendant's behalf were made weeks after the Court entered the Order.

There are strong policy reasons behind § 30-5, as it provides certain accommodations to avoid prejudice to the interests of litigants while their attorneys are conducting important state business. There are, however, equally strong motivations favoring the certainty of findings and results in judicial proceedings. The Virginia Supreme Court "attach[es] a high degree of finality to judgments" and has stated that "Rule 1:1 implements that policy, and we apply it rigorously, unless a statute creates a clear exception to its operation." *McEwen Lumber v. Lipscomb Bros. Lumber*, 234 Va. 243, 247, 360 S.E.2d 845, 848 (1987).

Although it could be argued, under certain circumstances, that § 30-5 might apply to the "twenty-one day rule" of Rule 1:1, extending it in the manner suggested by Mr. Robinson, the facts and circumstances of the case at bar would defeat the policy favoring final judgments. Theoretically, if the argument forwarded by Mr. Robinson were to apply, one could retain a

member of the General Assembly well after the "twenty-one day rule" of Rule 1:1, and there would be no finality to judgments.

Defendant's Motion to withdraw his guilty plea is denied. The Court does not by this ruling make a ruling that, even if the Motion were to be granted, that the Defendant would or would not be granted leave to withdraw his guilty plea.