# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-IA-01829-SCT

*GRACELAND CARE CENTER OF NEW ALBANY, LLC, ADVANCED HEALTHCARE MANAGEMENT, INC., KAREN CLAYTON, IN HER OFFICIAL CAPACITY AS ADMINISTRATOR OF GRACELAND CARE CENTER OF NEW ALBANY, W. LARRY OVERSTREET AND SHARON WINDHAM*

*v.*

*TERESA HAMLET, ON BEHALF OF JIMMY KINARD, DECEASED*

## ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 11/17/2015 |
| TRIAL JUDGE: | HON. JOHN KELLY LUTHER |
| TRIAL COURT ATTORNEYS: | T. K. MOFFETT |
| | ANDY LOWRY |
| | THOMAS L. KIRKLAND, JR. |
| COURT FROM WHICH APPEALED: | UNION COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | ANDY LOWRY |
| | THOMAS L. KIRKLAND, JR. |
| ATTORNEYS FOR APPELLEE: | RICHARD SHANE McLAUGHLIN |
| | NICOLE H. McLAUGHLIN |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED AND REMANDED - 11/02/2017 |
| MOTION FOR REHEARING FILED: | 08/25/2017 |
| MANDATE ISSUED: | |

**EN BANC.**

**KING, JUSTICE, FOR THE COURT:**

¶1.     The motion for rehearing is denied. The original opinions are withdrawn, and these opinions are substituted therefor.

¶2.     Teresa Hamlet filed a motion for an extension of time to serve process, prior to the expiration of the 120-day deadline provided by Mississippi Rule of Civil Procedure 4(h). The trial judge granted the motion and signed an order, yet the order was not filed with the circuit clerk until the day before the granted extension expired, well after the expiration of the original, 120-day deadline. Hamlet served process on three defendants during the extension. On the same day the order was filed, Hamlet filed a second motion for time, which the trial court also granted. While Hamlet served process on the remaining defendants within the second extension period, the order granting the second extension was not filed with the clerk until three months after it was signed by the judge.

¶3.     The defendants filed a motion to dismiss Hamlet's complaint, arguing that the statute of limitations had run before the court's order granting additional time to serve process had been entered by the clerk of court. The defendants further argued that Hamlet's suit could not be revived by the untimely filed order. The trial court denied the defendants' motion to dismiss. Because Hamlet was the only party to the action, we find that the trial judge's order granting her motion for extension of time to serve process became effective once the order had been signed and had left the trial judge's control. Accordingly, we affirm the decision of the trial court. However, in cases where more than one party is involved, notice becomes essential. Therefore, in cases involving multiple parties, we adopt the holding of the majority of states that require the entry of an interlocutory order before it becomes effective.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

2

¶4.   Jimmy Kinard died on September 23, 2012.[1] On October 17, 2014, Teresa Hamlet,

Kinard's sister, filed suit against Graceland Care Center of New Albany, LLC; Advanced

Healthcare Management, Inc.; Karen Clayton, in her official capacity as administrator of

Graceland Care Center of New Albany; W. Larry Overstreet; Sharon Windham; and John

Does 1-10, jointly and individually (collectively referred to as "Graceland"). Hamlet alleged

that Graceland's negligence was the proximate cause of Kinard's death.

¶5.   The 120-day deadline to serve process as provided under Rule 4(h) of the Mississippi

Rules of Civil Procedure would have expired on February 14, 2015. On February 13, 2015,

Hamlet filed a Motion to Extend Time to Serve Process.

¶6.   On February 23, 2015, the trial judge signed an order granting Hamlet sixty days from

February 14, 2015, to serve process on the defendants. However, the order was not entered

by the clerk of the court until April 14, 2015, one day prior to the expiration of the sixty-day

extension.

¶7.   Hamlet served three defendants on April 14, 2015. On that same day, Hamlet filed a

Second Motion to Extend Time to Serve Process, arguing that, while her deadline to serve

defendants "will run on or about April 15, 2015," process to defendants remained

incomplete. On April 16, 2015, the trial judge signed the order granting Hamlet's second

motion for extension of time to serve process, allowing Hamlet an additional sixty days from

---

[1]Because the issues before this Court are purely procedural in nature, it is not necessary to delve into the facts surrounding Kinard's death.

April 15, 2015, to serve process on the defendants. The circuit court clerk did not enter this order until July 14, 2015.

¶8.    The following timeline illustrates the pertinent dates:

| | |
|---|---|
| Sept. 23, 2012 | Jimmy Kinard passed away (statute of limitations begins to run). |
| July 25, 2014 | Notice of claim sent to Graceland, tolling statute of limitations for sixty days per Miss. Code Ann. § 15-1-36. |
| Sept. 23, 2014 | Earliest date Hamlet could file suit under Section 15-1-36. |
| Oct. 17, 2014 | Complaint filed.<br><br>120-day period to serve process begins, expiring February 14, 2015. |
| Feb. 13, 2015 | Hamlet files motion for additional sixty days to serve process within the 120-day period. |
| Feb. 23, 2015 | Court grants Hamlet's motion for an additional sixty days to serve process from February 14 until April 15 ("first extension order"). |
| Mar. 22, 2015 | Graceland argues that the statute of limitations expires. |
| Apr. 14, 2015 | Clerk enters first extension order.<br><br>Hamlet perfects service on Karen Clayton, Graceland Care Center, and W. Larry Overstreet.<br><br>Hamlet files second motion for time. |
| Apr. 15, 2015 | Sixty-day period under the first extension order expires. |
| Apr. 16, 2015 | Court grants Hamlet's second motion for an additional sixty days to serve process from April 15 until June 15 ("second extension order").<br><br>Hamlet perfects service on Advanced Healthcare Management, Inc. |

4

| | |
|---|---|
| May 15, 2015 | Graceland files motion to dismiss. |
| July 14, 2015 | Clerk enters second extension order. |

¶9. Graceland filed a Motion to Dismiss, contending that the statute of limitations had run before the April 14, 2015, order extending time was entered. Graceland argued that Hamlet failed to serve timely process within 120 days after filing her complaint, and therefore, the statute of limitations resumed after the 120 days. Initially, Graceland argued that Hamlet had failed to show "good cause" in her motion for extension, which would have satisfied Mississippi Rule of Civil Procedure 4(h).[2] Graceland, however, acknowledged that Hamlet likely would contend that, where a motion for time is filed prior to the expiration of the 120 days, the standard of Mississippi Rule of Civil Procedure 6(b) applies. *See **Cross Creek Prods. v. Scafidi**, 911 So. 2d 958 (Miss. 2005).[3]

---

[2]Rule 4(h) states:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

M.R.C.P. 4(h).

[3]Rule 6(b) provides that:

> [W]hen . . . an act is required or allowed to be done at . . . a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous

5

¶10. Graceland's argument against applying Rule 6(b) was twofold. First, Graceland argued that *Scafidi* did not involve the statute-of-limitations tolling rule. Second, Graceland argued that Hamlet's failure to secure an order before the 120-day deadline expired made a showing of good cause necessary. Graceland noted that the *Scafidi* Court did not reveal when the trial court entered its order granting an extension of time to serve process. Because the 120-day deadline had expired without Hamlet securing a signed and filed order extending the time to serve process, it averred that there should be a requirement that Hamlet show good cause after the 120-day deadline expired.

¶11. In response, Hamlet argued that the *Scafidi* Court specifically held that motions for time *filed* during the 120-day deadline do not require a showing of good cause. *Id.* at 960 ("[T]his finding is specifically limited to those situations where the motion for additional time is filed *before* the deadline.") (emphasis added). Because she filed her motion for an extension of time to serve process within the 120-day deadline, Hamlet argued that a showing of good cause was not necessary.

¶12. The trial court held a hearing on the motion, at which Graceland argued that an order does not become effective until it is filed with the clerk and all parties are put on notice. Graceland admitted this was a case of first impression but likened an interlocutory order to

order, or (2) upon motion made after the expiration of the specified period permit the act to be done where failure to act was the result of excusable neglect . . . .

M.R.C.P. 6(b).

a judgment not being effective until it is filed. Graceland argued that, while a statute of limitations could be extended by a court, it could not be resurrected. Graceland also contended that the mere filing of a motion for time did not toll the statute of limitations. Moments before the trial court's ruling, Graceland's counsel stated that "prejudice might be relevant to the issue [if] we are [sic] showing good cause[,] but we conceded that it's not. This is an issue of statute of limitations, Your Honor." Because the statute of limitations had run prior to the April 14, 2014, order being filed with the clerk, Graceland prayed that the court would dismiss the action.

¶13. Hamlet's attorney acknowledged that the signed order from the judge "may have spent longer in my office than it should have. . . ." However, Hamlet argued that the law did not require a party to secure and file an order within the initial 120-day period in order to receive an extension. Hamlet stated that Graceland Care Center was served on April 14, 2015, the same day the order granting the extension was filed and within the extension allowed by the order. Also, Hamlet argued that no caselaw supported Graceland's assertion that the order was not effective until it was entered by the court.

¶14. After considering oral argument and documentary evidence, the trial court confirmed with the parties that "[t]he question of reasonableness, good cause shown is not an issue. . . ." Neither party objected. The trial court next recognized that no caselaw on point would direct him to dismiss this case and that dismissals were not favored. As such, the trial court denied the motion.

¶15. Graceland timely filed this interlocutory appeal. On appeal, Graceland raises three issues. First, Graceland argues that an order is effective only upon filing with the clerk. Second, Graceland claims that a motion filed within the 120-day period under Rule 4(h) is insufficient to resurrect the statute of limitations where the order granting the motion is filed after the statute of limitations runs. Third, Graceland argues that this Court should reconsider and overrule *Scafidi*.

¶16. Hamlet raises two issues. First, Hamlet argues that an order extending time to serve process is effective upon the judge's signing. Second, Hamlet argues that this Court should not overrule *Scafidi*. For clarity, we will restate and combine the issues on appeal.

## STANDARD OF REVIEW

¶17. "This Court uses a de novo standard of review when passing on questions of law including statute of limitations issues." *Stephens v. Equitable Life Assurance Soc'y*, 850 So. 2d 78, 82 (Miss. 2003).

## ANALYSIS

¶18. In this case of first impression, we are tasked with determining when an order becomes effective and ultimately grants the enlargement of time under Rules 4(h) and 6(b). Is it when it is announced and/or signed by the judge? Or is it when it is officially entered into the record by the court clerk?

8

¶19.     Graceland argued that, in general, an order does not become effective until filed with

the clerk and all parties are put on notice. The time for service of process in Mississippi is

governed by Rule 4(h), which reads:

> If a service of the summons and complaint is not made upon a defendant
> within 120 days after the filing of the complaint and the party on whose behalf
> such service was required cannot show *good cause* why such service was not
> made within that period, the action shall be dismissed as to that defendant
> without prejudice upon the court's own initiative with notice to such party or
> upon motion.

M.R.C.P. 4(h) (emphasis added). Our courts, however, read Rule 4(h) in conjunction with

Rule 6(b), which requires only "cause shown" for an enlargement of time when the motion

is filed before the expiration of the 120-day period. ***Scafidi***, 911 So. 2d at 960; M.R.C.P.

6(b). Rule 6(b) reads:

> When by these rules or by notice given thereunder or by order of court an act
> is required or allowed to be done at or within a specified time, the court *for
> cause* shown may at any time in its discretion (1) with or without motion or
> notice order the period enlarged if request therefore is made before the
> expiration of the period originally prescribed or as extended by a previous
> order . . . .

M.R.C.P. 6(b) (emphasis added).

¶20.     The comment to Rule 79 of the Mississippi Rules of Civil Procedure reads:

> Rule 79(a) specifies that the *docket entries* reflect the date on which entries are
> made in the general docket.  Since several important time periods and
> deadlines are calculated from the date of the entry of judgments and *orders*,
> these entries must accurately reflect the *actual date of the entries* rather than
> another date, *such as the date on which a* judgment or *order is signed by the
> judge*.

9

M.R.C.P. 79 cmt. (emphasis added). The comment specifically states that the date which must be reflected on the docket must be the date the order was entered, not the date it was signed by the judge. However, this rule does not specify when the order becomes effective. While Rule 58 specifically reads that a "judgment shall be effective only when entered as provided in M.R.C.P. 79(a)," neither the rules nor this Court has addressed whether the same is true for an interlocutory order.

### A.    Judgments

¶21.    Graceland argues the rule for interlocutory orders should be the same as the rule for judgments because an order that has been signed but has not been entered and made a matter of public record cannot be binding on the parties. It takes the position that, as a potential defendant, it was entitled to notice of the order which concerned additional time to serve named defendants.[4]

¶22.    Rule 54 defines "judgment" as ". . . a final decree and any order from which an appeal lies." M.R.C.P. 54. This rule does not apply to the orders granting Hamlet's motions for time, for those orders were not directly appealable. Judgments are markedly distinguishable from interlocutory orders. Judgments impact more than the rights of the parties. The entry and filing of a judgment is necessary to give third parties, such as creditors, lien holders, and other interested third parties, notice of the judgment in order to protect their rights. An

---

[4]As discussed *supra*, Graceland would not have been notified by the clerk even if Hamlet had promptly filed the order. Further, Graceland was not prejudiced here as Hamlet sent Graceland a notice-of-intent letter under Section 15-1-36.

10

interlocutory order, with limited exceptions, impacts only the parties. In the present case, at the time the first order allowing additional time was granted by the trial court, the only party was the plaintiff, Hamlet. Although this is an issue of first impression, we are able to look to other courts for guidance on this issue.

## B. Other Courts

¶23. Overwhelmingly, our sister states that have discussed the issue have found that an interlocutory order is effective upon entry by the clerk on the court's docket. In *Finley v. State*, 281 Ark. 38, 39, 661 S.W.2d 358, 358 (1983), that Court held:

> The critical act in such cases is when the order is entered not signed.
>
> . . . Counsel must see that orders are entered on time; merely obtaining a signature on an order is not sufficient to extend the time. Counsel must anticipate problems of time and be prepared to do all acts necessary . . . and it is no excuse or good cause that a judge, clerk, or reporter . . . fails to file an order on time. It is not often the case an official refuses to perform a duty; invariably in such cases counsel expects the officials to do the work of counsel.
>
> In this case it was the lawyer's duty to see that the order was entered, not the judge's.

*Finley*, 281 Ark. at 39, 661 S.W.2d at 358–59 (citations omitted). In *Bowman v. Richland Memorial Hospital*, 335 S.C. 88, 515 S.E.2d 259 (S.C. Ct. App. 1999), that Court held that "[a]n order is not final until it is written and entered by the clerk of court." *Bowman*, 335 S.C. at 91, 515 S.E.2d at 260 (citing *First Union Nat'l Bank of South Carolina v. Hitman, Inc.*, 306 S.C. 327, 411 S.E.2d 681 (S.C. Ct. App.1991), *aff'd*, 308 S.C. 421, 418 S.E.2d 545 (1992)). "Until an order is written and entered by the clerk of court, the judge retains

11

discretion to change his mind and amend his ruling accordingly." ***Bowman***, 335 S.C. at 91, 515 S.E.2d at 260. That Court found that its:

> holding [was] mandated by principles of fairness and equity. The parties to an action are not provided with notice of a judge's ruling at the time the judge signs an order. Rather, only after the order is filed with the clerk of court are the parties given notice of the order and provided with an opportunity to comply with the order.

***Bowman***, 335 S.C. at 92, 515 S.E.2d at 261.

¶24. Numerous other state courts have similarly held. *See also **In re Trust by Crawford***, 20 Neb. App. 502, 510, 826 N.W.2d 284, 291 (2013); ***DeHaven v. Hall***, 753 N.W.2d 429, 439 (S.D. 2008) (quoting S.D. Codified Laws § 15-6-58 (West 2017)) ("An order 'becomes complete and effective when reduced to writing, signed by the court or judge, attested by the clerk, and filed in the clerk's office.'"); ***Simpson v. Simpson***, 377 S.C. 519, 525, 660 S.E.2d 274, 277-78 (S.C. Ct. App. 2008); ***Hill v. State***, 281 Ga. 795, 799, 642 S.E.2d 64 (2007); ***In re Guardianship of Hollins***, 114 Ohio St. 3d 434, 439, 872 N.E.2d 1214, 1218-19 (2007); ***Batts v. Illinois Cent. R. Co.***, 217 S.W.3d 881, 883 (Ky. Ct. App. 2007) ("Under typical circumstances, when a trial judge signs an order or judgment it has no effect until it is entered into the record by the clerk."); ***Rollins v. Rollins***, 903 So. 2d 828, 833 (Ala. Civ. App. 2004); ***Foley v. Fitzpatrick Container Co.***, 267 A.D.2d 637, 638, 699 N.Y.S.2d 598, 599 (1999) ("[A]n order is effective on the date of entry thereof and not on the date a decision is signed. . . ."); ***State v. Shaw***, 4 S.W.3d 875, 878 (Tex. App. 1999); ***Abels v. Renfro Corp.***, 126 N.C. App. 800, 803, 486 S.E.2d 735, 737-38 (1997) (quoting N.C. Gen. Stat. Ann. § 1A-1, Rule

12

58 (West 2017)); *Matter of Scheib Trust*, 457 N.W.2d 4, 10 (Iowa Ct. App. 1990); *Rust v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987); *Dalton v. Dalton*, 412 So. 2d 928, 929 (Fla. Dist. Ct. App. 1982) ("An order does not take effect until signed and filed. . . ."); *Lamb v. Superior Court In & For Maricopa Cty.*, 127 Ariz. 400, 403, 621 P.2d 906, 910 (1980) ("[U]ntil the order is in writing, signed by the court and entered by the clerk of the court, it is not effective."); *City of Darien v. Dublinski*, 16 Ill. App. 3d 140, 144, 304 N.E.2d 769, 773 (1973); *In re Montano's Estate*, 38 N.M. 355, 33 P.2d 906, 907 (1934); *Giroux v. Bockler*, 98 Or. 398, 417, 194 P. 178, 184 (1921); *Massachusetts Mut. Life Ins. Co. v. Taylor Implement & Vehicle Co.*, 138 Tenn. 28, 195 S.W. 762, 765 (1917).

¶25.    At least three states have held to the contrary. *See Andrews v. Paramount Parks, Inc.*, 48 Va. Cir. 232 (1999) ("An order is effective as of the date it is signed by the judge.); *State v. Olsen*, 540 N.W.2d 149, 150 (N.D. 1995) ("Absent a statute or rule to the contrary, a written order of the court is entered and effective when it is signed by the judge; filing of the order by the clerk is not a prerequisite."); *Cuoio v. Koseris*, 68 Idaho 483, 485, 200 P.2d 359, 360 (1948) ("A memorandum decision is not effective as an order until signed by the trial judge *or* entered in the minutes.") (emphasis added).

### C.    Mississippi's New Rule

¶26.    Given the vast majority of cases and the logic attached to those rulings, we hold that orders are effective upon filing. Such a rule will "secure the just, speedy, and inexpensive determination of every action." M.R.C.P. 1. A party should be responsible for timely filing

13

a motion, ensuring that the judge rules on the motion, and making certain that the resulting order is timely filed with the clerk.[5]

¶27.    However, we find an important distinction between ex parte orders and interlocutory orders in general. The same reasoning applied in the above-cited cases, which involved multiple parties, does not apply here. In this case, the only pertinent party to the motion and order was Hamlet. On February 13, 2015, when Hamlet filed her Motion to Extend Time to Serve Process, Graceland would not have been noticed had the order been filed because it was not yet a party to the action. Thus, the order was meaningless to anyone but the plaintiff and her counsel.[6] A delay in docketing the order does not affect the trial court's decision to

---

[5] It should be noted that a Rule 6(b) motion that is timely filed within the 120-day period under Rule 4(h) tolls the 120-day period until the trial court either grants or denies the motion.  Rule 6(b) states: "the court for cause shown may at any time in its discretion . . . order the period enlarged if *request* therefore is made before the expiration of the period originally proscribed." (Emphasis added.)  Also, "[a] trial court has the authority and indeed a duty to maintain control of the docket and ensure the efficient disposal of court business." ***Venton v. Beckham***, 845 So. 2d 676, 684 (Miss. 2003); *see also* ***Moore v. Bailey***, 46 So. 3d 375, 380–81 (Miss. Ct. App. 2010).  Within this duty, a trial court controls the dates that are available to a party.  A party can file a motion within a deadline—and as long as the party does so the motion is timely, but a party cannot control the particular day on which the trial court will hear the motion.  This situation is similar to the thirty-day period for an appeal not running until entry of the trial court's order disposing of outstanding post-trial motions.  *See* M.R.A.P. 4(d) ("If any party files a timely motion . . . the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding.").

[6] This is especially the case here, in a medical-malpractice suit, because Graceland was put on notice of the suit when Hamlet served her notice-of-intent letter on Graceland pursuant to Mississippi Code Section 15-1-36. Defendants involved in suits which require notice prior to filing the complaint are at an advantage as to notice and are aware of potential suits more than a traditional defendant. Thus, Graceland cannot claim surprise or prejudice regarding the present suit.

14

grant an extension of time to service process. Hamlet, as the only party to the action, should not be punished for not immediately filing the order. Hamlet timely obtained an extension to serve process and timely served process within that extension. Therefore, the statute of limitations remained tolled. Because Hamlet was the only party to the action, the trial judge's order granting her motion for extension of time to serve process became effective once the order had been signed and had left the trial judge's control.

¶28.    Therefore, in cases involving ex parte motions, such as the present case, we find that the order becomes effective upon leaving the judge's control. Ex parte orders, though, are still required to be filed promptly into the record. However, in cases in which more than one party is involved and notice becomes essential, we find that an order becomes effective once it is entered officially into the record by the court clerk.

¶29.    Of course, there are also certain other orders to which this general rule would not apply. For instance, temporary restraining orders and other emergency orders (such as domestic protection orders) are effective before filing with a clerk. *See* M.R.C.P. 65(b) ("[T]emporary restraining order . . . shall be filed forthwith in the clerk's office and entered of record"). In addition, certain rulings of a trial judge that require immediate action, such as those under a judge's contempt powers, would not be subject to the general rule.

¶30.    This rule in no way limits the ability of the trial judge, where otherwise allowed by law, to enter an order *nunc pro tunc*, make an order retroactive or have it relate back for

enforcement purposes. The purpose of this rule is to effectuate notice to the parties and establish some finality as relates to the running of deadlines.

### D.    *Scafidi*

¶31.    We see no need to overrule or distinguish *Scafidi* as Graceland asks this Court to do in its alternative argument. Hamlet timely filed her first motion for an extension and obtained a signed order before the statute of limitations ran in this case.[7] While *Scafidi* did not involve a statute-of-limitations issue, we find that its holding applies here. Our rules and caselaw hold that a court, in its discretion, for cause shown, may enlarge the time period for service of process under Rule 4(h) prior to the expiration of the initial 120-day period. M.R.C.P. 6(b); *Scafidi*, 911 So. 2d at 960-61. There is no requirement for "good cause shown" when the motion for extension is timely filed.

¶32.    Further, we will not entertain Graceland's arguments on appeal that Hamlet failed to show cause or good cause. This court

> ha[s] been consistent in holding that we need not consider matters raised for the first time on appeal, which practice would have the practical effect of depriving the trial court of the opportunity to first rule on the issue, so that we

---

[7] We also reject Graceland's argument that Hamlet was required to show good cause once she had failed to obtain an order within the original 120-day period. We have recognized before that a party need only show cause under Rule 6(b) for an extension based on a motion that is timely filed within Rule 4(h)'s 120-day period—even where the motion is granted after the expiration of the 120-day period. *See Johnson v. Thomas ex rel. Polatsidis*, 982 So. 2d 405, 413 (Miss. 2008) (affirming grant of extension for cause on the 123d day), *overruled on other grounds by Fulgham v. Jackson*, No. 2016-IA-00570-SCT, 2017 WL 2692933, at *3 (Miss. June 22, 2017).

can then review such trial court ruling under the appropriate standard of review.

*Alexander v. Daniel*, 904 So. 2d 172, 183 (Miss. 2005). It is clear from the record that Graceland's counsel framed the issue before the trial court as a legal question concerning the application of the statute of limitations. The argument in the motion to dismiss recognizes that good cause is not at issue under our holding in *Scafidi*. In addition, when asked by the trial court, Graceland's counsel responded that it would be correct to characterize the issue in the motion to dismiss as a statute-of-limitations issue. He further argued that "[t]his is an issue of statute of limitations." Also, neither party corrected the trial court when it stated that "good cause shown is not an issue." Thus, it is clear that the trial court did not rule on the issue of Hamlet's cause or good cause; as such, there is no factual finding for us to review under an abuse-of-discretion standard. *See id*.; *Collins v. Westbrook*, 184 So. 3d 922, 929 (Miss. 2016) (reviewing a trial court's good-cause determination under an abuse-of-discretion standard).

¶33.   We see no reason to overrule or distinguish *Scafidi* as Graceland asks us. *Scafidi* remains good law today.

### CONCLUSION

¶34.   We find that, in general, interlocutory orders are effective upon entry of the order. However, because the instant case involved an ex parte order, this Court finds that the order became effective upon leaving the judge's possession. Therefore, we affirm the trial court's denial of Graceland's motion to dismiss.

¶35.    **AFFIRMED AND REMANDED.**

    **KITCHENS, P.J., MAXWELL AND CHAMBERLIN, JJ., CONCUR. COLEMAN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BEAM, J.   WALLER, C.J., RANDOLPH, P.J., AND ISHEE, J., NOT PARTICIPATING.**

    **COLEMAN, JUSTICE, DISSENTING:**

¶36.    The majority miscasts the issue before the Court today as one of first impression.  To the contrary, it has long been the law in Mississippi that, in order for orders and judgments to be effective, they must be entered or, as stated in our older cases, "appear on the minutes of the court."  ***Evans v. State***, 144 Miss. 1, 108 So. 725, 726 (1926).  Accordingly, I must respectfully dissent.

¶37.    The ***Evans*** Court wrote,

> All the judgments *and orders* of the circuit courts can be evidenced alone by their minutes.  It makes no difference how unimportant a judgment of a circuit court may be considered, it is of no validity or force whatever unless it appear upon the minutes of the court.  The court can act in no other manner so far as its judgments are concerned.  The principle is of universal application.  *There are no exceptions. . . .*  There must be a perpetual memorial of the judgments of circuit courts, not alone of their final judgments, *but of all interlocutory judgments and orders* affecting the rights of the parties, and that memorial is the minutes of the courts.  There is no other place to go to ascertain what those judgments are.

*Id.* (emphasis added).  "The rule in this State is that every decree is in the breast of the court *until entered*, and a decree has no validity until written out and signed by the chancellor."

***Orr v. Myers***, 223 Miss. 856, 862, 79 So. 2d 277, 278 (1955) (emphasis added).

18

¶38.   The majority follows the law described above as long as more than one party has appeared in a lawsuit, but would except cases in which only the plaintiff has appeared. To reach its result, the majority engages in something akin to no-harm, no-foul reasoning. The majority's reasoning is flawed and fails to address other concerns. For example, defense attorneys, aware of the filing of a lawsuit against their clients, can monitor court filings to advise their clients and their insurers regarding the risks of the litigation. When the public record indicates that the time for service has passed, the attorney and potential defendant make risk assessments and strategic decisions accordingly. To allow them to be surprised by condoning behavior that keeps orders of the court secret cannot be considered fair. Today's holding allows plaintiffs in civil litigation and parties in *ex parte* proceedings intentionally to pocket orders to surprise other parties and the public for strategic advantage. I cannot concur in such a result. Our courts should exercise their considerable powers in the full view of the public eye – not in secret.

¶39.   Because the law has long been that both orders and judgments must be entered to be effective, I would reverse the trial court's decision and render judgment in favor of the defendants.

**BEAM, J., JOINS THIS OPINION.**